STATE of Iowa, Appellee,

v.

Richard Wallace **HOUSTON**, Appellant.

No. 55191.

Supreme Court of Iowa.

Oct. 17, 1973.

David P. Miller, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Edward N. Wehr, Scott Co. Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND, and UHLENHOPP, JJ.

UHLENHOPP, Justice.

This appeal involves several questions which arose in a prosecution for receiving stolen property.

On January 26, 1971, someone stole a typewriter and a calculator which were worth more than $900 from the office of Nichols-Homeshield, Inc. On February 11, 1971, a tax accountant came to the home of defendant Richard Wallace Houston to prepare income tax returns. Defendant showed the accountant a typewriter and a calculator in a back room of the house and offered to sell them for $300. The calculator required repair.

The accountant subsequently bought the two machines for $300. He paid $150 down by check which he made payable to "cash," took the typewriter to his office, and delivered the calculator to a shop for repair. The serial number plate had been removed from the calculator, but the serial number was also on the frame. From this the repairman ascertained that the machine belonged to Nichols-Homeshield. He notified that company, which in turn notified the police. The police took possession of the calculator and later the typewriter. The machines proved to be the ones which had been stolen from the Nichols-Homeshield office.

The county attorney charged defendant by information with receiving stolen property and alleged that on or about January 26, 1971, defendant did "receive and aid in concealing stolen property." Defendant moved before trial that the information be dismissed because the county attorney alleged "receive" and "aid in concealing" conjunctively. He also moved that the county attorney be required to elect between those two allegations. The trial court overruled the motions.

Defendant pleaded not guilty and the case went to trial. The accountant and others testified, and the prosecutor brought out the facts we have related. Defendant did not testify. He moved for a directed verdict on the ground no evidence was introduced (a) that defendant received the machines, as distinguished from stole them, or (b) that corroborated the accountant as an accomplice. The trial court overruled the motion.

The trial court submitted its instructions to counsel and gave them an opportunity to make objections. Defendant did not request an instruction on corroboration of an accomplice. He made several objections to the court's instructions but did not object on the ground that the trial court did not instruct on corroboration.

The jury found defendant guilty. Defendant moved for acquittal or a new trial on several grounds, including failure of the court to instruct on corroboration of an accomplice. The trial court overruled the motion and sentenced defendant, who then appealed.

The appeal presents these questions: (1) Did the trial court properly overrule the pretrial motion to dismiss or elect? (2) Did the State adduce sufficient proof of receiving? (3) Did the State have to corroborate the accountant's testimony? and (4) Did the trial court err in failing to instruct on corroboration?

I. *Motion to Dismiss or Elect.* The legislature has provided in § 712.1, Code 1973:

If any person buy, receive, or aid in concealing any stolen . . . property the stealing of which is larceny . . . knowing the same to have been so obtained, he shall . . . be imprisoned . . . . .

■ Defendant contends the State could not allege "receive" and "aid in concealing" conjunctively. The legislature has stated "buy, receive, or aid in concealing" disjunctively in this particular statute and the crime can be committed in any of those ways. Nonetheless, this court has held that when the legislature states the acts constituting a crime disjunctively, the indictment may allege the acts conjunctively. State v. Corwin, 151 Iowa 420, 131 N.W. 659; State v. Dvoracek, 140 Iowa 266, 118 N.W. 399; State v. Lewis, 96 Iowa 286, 65 N.W. 295. Defendant was no worse off than if the State had alleged "receive" or "aid in concealing" disjunctively, as it could have done under § 773.25 of the Code. Hence, the trial court was right in refusing to dismiss the information. (An information need not set out the particular method in which the defendant committed the crime of receiving stolen property. See State v. Upton, 167 N.W.2d 625 (Iowa).)

■ Although the offense of receiving stolen property can be committed by various means, only one crime is involved—receiving stolen property. State v. Hochmuth, 256 Iowa 442, 127 N.W.2d 658; 66 Am.Jur.2d Receiving Stolen Property § 14 at 304–305. Since the State had a right to allege commission of that one crime by various means, the trial court properly refused to require it to elect among those means. 41 Am.Jur.2d Indictments & Informations § 218 at 1013, § 227 at 1019 ("There need be no election where the indictment or information charges only one offense and the several counts are merely variations or modifications of the same charge."); 42 C.J.S. Indictments and Informations § 165 at 1119.

The trial court did not err here.

■ II. *Sufficiency of Evidence of Receiving.* Defendant is correct that a person cannot commit the crime of receiving stolen property if he was the only one involved in the larceny and the subsequent acts. State v. Butler, 205 N.W. 842, 843 (Iowa) ("It is elementary that if he alone was guilty of larceny, he could not be guilty of receiving stolen property."). Defendant asserts the State had to show that someone else stole the machines or stole them with defendant. He says such evidence is absent; hence no proof of the element of "receiving" stolen property appears.

■ While a few jurisdictions hold otherwise, the rule which is generally followed and appears the better one to us is that unexplained possession by the accused of recently stolen property justifies an inference that he illegally received it. People v. Marquez, 237 Cal.App.2d 627, 47 Cal.Rptr. 166; Stanley v. State, 97 Ga. App. 828, 104 S.E.2d 591; People v. Colon, 28 N.Y.2d 1, 318 N.Y.S.2d 929, 267 N.E.2d 577; 76 C.J.S. Receiving Stolen Goods § 17b at 33–34; 66 Am.Jur.2d § 25 at 314; Annot., 68 A.L.R. 187. Such an inference comports with due process of law. Barnes v. United States, 411 U.S. 946, 93 S.Ct. 2357, 37 L.Ed.2d 380. The term "recently" is a relative one. 76 C.J.S., supra, at 34 (whether possession is recent depends largely on the circumstances of the case). See also the larceny case of State v. Brightman, 252 Iowa 1278, 1282–1283, 110 N.W.2d 315, 317. The court there stated that "recent" is "not necessarily measured by the number of hours or days or weeks involved. The nature of the articles, and the circumstances of the case are pertinent elements. The length of time is a question to be considered by the jury together with all other factors in the case." That case involved a five-month interval, and this court upheld the conviction.

■ We hold that under the circumstances here the jury could infer defendant "received" the goods.

III. *Necessity of Corroboration.* The accountant testified about defendant's possession of the machines, and the conviction could not stand without the accountant's testimony. Defendant contends that the accountant was an accomplice and the State had to corroborate his testimony.

Code 1973, § 782.5. We will assume, without deciding, that the accountant's testimony is uncorroborated.

 We are in accord with the trial court's view that no evidence appears the accountant was an accomplice to the crime for which defendant was on trial. A person is an accomplice if he can be convicted of the crime for which the accused is on trial. State v. Jennings, 195 N.W.2d 351 (Iowa). Defendant was not on trial for receiving stolen property on February 11, 1971, when he offered to sell the machines to the accountant, or for receiving stolen property on the subsequent date when he sold the machines to the accountant. Defendant was on trial for receiving stolen property on the previous date of January 26, 1971, when the machines originally disappeared. No one claims the accountant had any connection with that. True, if the accountant knew the machines were stolen, he could be convicted of receiving stolen property on the date he bought them, for the offense may be committed by subsequently receiving stolen property from a receiver. Wertheimer v. State, 201 Ind. 572, 169 N.E. 40; 66 Am.Jur.2d Receiving Stolen Property § 6 at 298. But that would be a separate, subsequent offense by the accountant, not the earlier receiving for which defendant was on trial. State v. Dancyger, 51 N.J.Super. 150, 143 A.2d 753; State v. Vanderhave, 47 N.J.Super. 483, 136 A.2d 296; State v. Fox, 12 N.J.Super. 132, 79 A.2d 76; see also Garcia v. People, 88 Colo. 267, 295 P. 491; 76 C.J.S. Receiving Stolen Goods § 1 at 2 ("A receiver of stolen goods is not an accessary to a prior receiving or possessing of the same goods."), § 14a at 18 ("a receipt by one of those accused at one time and place, and a subsequent receipt by another at another time and place, will not support the joint charge").

The trial court was correct in holding that the accountant was not an accomplice to the receipt of stolen property for which defendant was on trial.

IV. *Instruction on Corroboration.* Since the accountant was not an accomplice, defendant's contention is untenable that the trial court should have instructed on corroboration. Moreover, defendant did not preserve this claimed error. State v. Buchanan, 207 N.W.2d 784 (Iowa).

We find no error.

Affirmed.