**STATE of Iowa, Appellee,**

v.

**Gary L. DAHLSTROM, Appellant.**

No. 56974.

Supreme Court of Iowa.

Dec. 18, 1974.
Rehearing Denied Feb. 13, 1975.

A. E. Sheridan, Waukon, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., John W. Shafer, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

MASON, Justice.

A county attorney's information filed October 12, 1972, with the clerk of the Alla-

makee District Court charged Gary L. Dahlstrom committed larceny of domestic animals in Allamakee County, Iowa, on or about September 25, 1972, by stealing, taking and carrying away certain described cattle, the property of Bernell J. Palas, contrary to section 709.8, The Code.

Following his plea of not guilty defendant moved for a change of venue. As a result, trial of the case was transferred from Allamakee County to Fayette County. Defendant appeals from judgment following his conviction by a jury of the crime charged.

October 3, 1972, eleven cattle were reported missing from the Bernell Palas farm. This farm is located three miles east of the town of Waukon in Allamakee County, Iowa.

October 4 Theodore H. Rumpf, then sheriff of Allamakee County, and Deputy Gary Gibbs went out to the Palas farm and observed truck tracks in a soybean field to the south of the farm. Rain had obliterated the tracks to the extent it was impossible to ascertain whether the truck had dual or single wheels.

Later the same day, Sheriff Rumpf went to Elkader, Clayton County, and met with Elkader policeman Keith Henry Wilhelm. The two proceeded to the Leonard Wellman farm in Clayton County where ten cattle were separated from the Wellman herd and taken back to the Palas farm. It appears these cattle were identified by both Wellman (defendant's uncle) and Mrs. Jacqualine Palas, wife of the complaining party.

Prior to this course of events, Officer Wilhelm, who was on duty September 25, observed two vehicles about 7:15 p. m. having mechanical trouble. Defendant's vehicle was a red, 1969 G.M.C. four-wheel drive, pickup truck which had a flat tire. At the time, Wilhelm noticed what he thought were three Holsteins and one black cow in the back of the pickup.

Wilhelm later saw defendant again after Wilhelm had joined Clayton County Deputy Sheriff Earl Sterling. This was as defend-

ant had returned from a gas station with the repaired tire.

Deputy Sterling who did not look at the cattle in the truck testified defendant stated he was taking the cattle to his uncle's farm. Sterling later observed the truck turn into the Leonard Wellman farm located in Clayton County between Elkader and Strawberry Point.

Leonard Wellman testified he had an arrangement with defendant during 1972 to pasture cattle on the Wellman farm. Payment was to be on a per head-per month basis. Defendant delivered eleven cattle over a two-day period in September 1972. One of these cattle, a black one, was butchered with Wellman receiving half of the meat in payment for the pasture rent.

Mrs. Jacqualine Palas stated when she and her husband counted the cattle eleven were missing. She was apparently fairly well acquainted with the cattle in question, testifying she spent about an hour each evening playing with them. Five of the fifteen calves were very tame, especially Ferdinand, a somewhat meek bull.

The next time she saw the cattle was at the Wellman farm. The black Angus was missing. Ten cattle were then returned to the Palas farm.

Defendant specifies eight respects in which he contends the trial court committed reversible error. These contentions present the issues for review on this appeal and will be stated in some detail as the issues are considered.

■ I. The first issue arises from the trial court's failure to sustain defendant's motion to dismiss on the ground the State had failed to establish venue in Allamakee County.

Defendant argues three contentions in connection with this issue. He first maintains the trial court erred in denying his motion made at the close of the State's case in which he urged this ground as a basis for the court's ruling. He next insists it was

error to overrule his motion as renewed at the close of all evidence based on the same ground. Finally, he asserts it was error for the court to let the verdict of guilty stand in light of the State's failure to properly prove venue.

■ A trial court may sustain a defendant's motion for directed verdict at the close of the state's case but is not required to do so, and no error can be predicated upon the court's failure to sustain that motion. Unless defendant's motion for directed verdict is renewed at the close of all evidence, it is deemed waived. State v. Tokatlian, 203 N.W.2d 116, 119 (Iowa 1972).

■ This court has recognized that an exception to this rule exists where a defendant rests after the trial court overrules his motion for directed verdict made at the close of the state's case. Error may be then predicated on the court's ruling. State v. Allison, 206 N.W.2d 893, 894 (Iowa 1973).

Here, Dahlstrom offered evidence after the court overruled his motion to dismiss. Hence, defendant's first contention, standing alone, presents nothing for review.

■ Defendant's second contention presents a different problem. Although the same ground is urged, the claim of reversible error is predicated on the trial court's refusal to direct a verdict at the close of all evidence. Thus, by renewing his motion at this time even though the same ground was asserted defendant has properly preserved for review in this court any alleged error in the trial court's ruling at this stage of the proceedings.

Defendant's basic argument is that there was not substantial evidence, direct or circumstantial, to prove defendant guilty of *larceny* of domestic animals in Allamakee County. He admits the evidence may show *possession* in Clayton County but the crime charged in the information was *larceny*. Since the crime of larceny could not have been established, venue likewise could not be established.

In considering the problem of venue in State v. Hackett, 197 N.W.2d 569, 570–571 (Iowa 1972), this court said:

"Venue is a jurisdictional fact put in issue by a plea of not guilty which the State must prove beyond a reasonable doubt as a vital ingredient of any prosecution. In order to secure a conviction in a criminal prosecution it is necessary to show not only that the act denounced as a crime has been committed but that it has been committed within the territorial jurisdiction of the court in which the criminal charge is filed. * * * [citing authority]."

In the course of the opinion the court quoted the following from State v. Wardenburg, 261 Iowa 1395, 1403, 158 N.W.2d 147, 152:

"Although the burden of proof is to convince beyond a reasonable doubt, the State can generate a jury question on the issue of venue by producing evidence which is either direct or circumstantial from which it may be inferred. No positive testimony that the violation occurred at a specific place is required, it is sufficient if it can be concluded from the evidence as a whole that the act was committed in the county where the indictment is found. Circumstantial evidence may be and often is stronger and more convincing than direct evidence.

" ' * * * If, from the facts and evidence, the only rational conclusion which can be drawn is that the crime was committed in the state and county alleged, the proof is sufficient. * * *.' 30 Am. Jur.2d, Evidence, section 1131."

■ Under the foregoing rule repeated in *Hackett* the State had the burden to prove beyond a reasonable doubt not only that the act denounced as a crime—larceny of domestic animals—had been committed but that it had been committed within the territorial jurisdiction of the Allamakee District Court where the information was filed.

Defendant takes the position the evidence is insufficient to even generate a jury ques-

tion on the issue of venue as to the crime of larceny of domestic animals. Hence, the question at this point is whether the evidence here is sufficient to generate a jury question on that issue.

In order to generate a jury question on the issue of venue the State was required to produce evidence either direct or circumstantial from which it may be inferred. No positive testimony that the violation occurred at a specific place is required. The proof is sufficient if the only rational conclusion which can be drawn from the evidence is that the crime of larceny of domestic animals was committed in Allamakee County as alleged in the information.

There is direct evidence the Palas farm was in Allamakee County, Iowa; Palas owned a herd of cattle which he kept on this farm; September 20 on a double count by Palas and his wife there were 40 milk cows and heifers and 31 head in the feed lot; when they were counted again at the Palas farm on October 2 eleven from the feed lot were missing and there is direct evidence neither Palas, his wife nor anyone else in authority gave consent to the removal of these eleven cattle.

There is also direct evidence eleven head of cattle had been carried by truck to the Wellman farm in Clayton County where ten of these were identified October 4 by Mrs. Palas as her husband's missing cattle. One had been butchered. This evidence would support an inference the Palas cattle had not wandered or strayed away from their farm in Allamakee County but had been wrongfully taken and carried away from that farm by someone without authority.

The State introduced evidence of a conversation between defendant and Palas which took place at the Palas farm October 4 after the missing cattle had been taken from the Wellman farm back to the Palas farm. Palas testified that when he asked defendant what he thought he was doing rustling, defendant offered to make it right and wanted Palas to drop the larceny

charge. This offer by defendant to compromise an offense constitutes an admission by him and furnishes support for the proposition the cattle had been stolen. See 4 Wigmore on Evidence, section 1061(8) (Chadbourn Rev.1972), where the author cites in support Town of Scranton v. Hensen, 151 Iowa 221, 226, 130 N.W. 1079, 1081.

Bearing in mind that in a criminal action the question of venue should be submitted to the jury and the court should not direct a verdict of acquittal on this ground if there is any substantial evidence reasonably tending to support the jurisdictional fact of venue, it is the opening of the court that under the test set forth in State v. Wardenburg, 261 Iowa at 1403, 158 N.W.2d at 152, the record discloses sufficient evidence to generate a jury question on the issue of venue.

The trial court was correct in overruling defendant's motion for directed verdict made at the close of all evidence. It necessarily follows defendant's second and third contentions urged in argument in connection with this division are without merit.

II. Defendant asserts the evidence adduced at trial was insufficient to prove he wrongfully took and carried away the cattle as charged in Allamakee County. He points out there is no evidence of his being at or near the Palas farm, nor is there evidence his truck was near the farm at the time of the theft. Defendant argues the evidence at best shows he had similar animals to the ones stolen in his truck when he was near Elkader and that some of the stolen animals were found at his uncle's farm in Clayton County. He concludes this evidence "is not inconsistent with any rational hypothesis of innocence of the crime charged."

In a criminal action the cause should be submitted to the jury and the court should not direct a verdict of acquittal if there is any substantial evidence reasonably tending to support the charge. State v. Youngbear, 203 N.W.2d 274, 279 (Iowa

1972); State v. Clay, 213 N.W.2d 473, 481 (Iowa 1973); State v. Gray, 216 N.W.2d 306, 308 (Iowa 1974).

■ To sustain the overruling of a motion for directed verdict, "any evidence, circumstantial or direct, must be sufficient to raise a fair inference of guilt." There must be more than "a suspicion, speculation or conjecture. * * * [citing authority]." State v. Williams, 179 N.W.2d 756, 758 (Iowa 1970).

■ In making a determination as to the propriety of the court's ruling on a motion for directed verdict in a criminal case this court views the evidence in the light most favorable to the state regardless of whether it is contradicted and every legitimate inference that may be fairly and reasonably deducted therefrom must be carried to the aid of the evidence. Kirschbaum v. United States, 407 F.2d 562, 563 (8 Cir. 1969).

In light of this principle defendant's contention the trial court erred in failing to sustain his motion for directed verdict made at the close of the State's case and renewed at the close of all evidence on the ground there was no evidence defendant stole the cattle as charged in Allamakee County is without merit.

In connection with this assignment defendant also argues a conviction may not stand where the evidence is clearly against the weight of a finding of guilt; the evidence must be sufficient to raise a fair inference of guilt and generate something more than mere suspicion, speculation or conjecture.

■ In considering defendant's first argument urged in regard to this assignment we have determined there was sufficient evidence to justify the trial court in submitting the charge to the jury. It is the task of the fact finder to resolve questions of fact and assess the credibility of witnesses. And a finding of guilt is binding on this court unless without substantial support in the record or is clearly against the weight

thereof. State v. Still, 208 N.W.2d 887, 888 (Iowa 1973). Defendant's second argument lacks merit. There is substantial support in the record for the verdict.

■ III. Defendant next argues the submission of instruction 11 dealing with the recent possession inference was erroneous as it was unsupported by the evidence. The instruction, in pertinent part, stated:

"If you find from the evidence beyond a reasonable doubt that,

"(1) the property claimed by the State to have been stolen was stolen by the defendant in Allamakee County, Iowa:

"(2) defendant thereafter had possession of the property, and

"(3) defendant's possession was recent, then you may, but are not required to, infer that defendant stole it.

"The inference of theft may be rebutted. * * *."

Defendant relies on the fact the cattle in the truck were not identified by the officers as those which were stolen. However, and as the State points out, there was the testimony of defendant's uncle, Mr. Wellman, that defendant delivered the stolen cattle to his farm and was keeping them there under agreement; one of the cattle was butchered and the meat divided. There was also evidence the animal was delivered to the butcher September 26, the day following the officer's testimony defendant was seen in Elkader with cattle in his pickup. The cattle were identified October 4, nine days after the alleged theft and two days after Palas discovered they were missing.

Under this record the court was correct in submitting the instruction dealing with recent possession of stolen property.

■ IV. Defendant asserts he was deprived of a fair trial by reason of misconduct by the prosecuting attorney. The alleged misconduct consisted of several questions asked of defendant's mother: (1) whether defendant had ever been in trouble

with the law and (2) after asking what type of discharge defendant received from the National Guard (honorable), whether he had had any difficulties while he was in the National Guard, to which the witness answered in the negative.

Defendant's objections to the questions were sustained. After the final question and objection the trial court admonished the prosecutor, although it does not appear from the record the jury was admonished, nor was trial court asked to do so.

Defendant's contention the questions set out constitute misconduct by the prosecutor meriting a new trial is asserted for the first time upon this appeal.

Defense counsel did not move for a mistrial at the time of the alleged misconduct. Although defendant moved for a directed verdict at the close of all evidence, at no point therein did he assert he had been prevented from receiving a fair trial because of the questions propounded by the prosecutor. Defendant's motion in arrest of judgment and in the alternative for new trial covers more than 14 pages in the printed record yet the issue of a fair trial was not asserted in that motion as a basis for the trial court's ruling.

Consequently, there is no error attributable to the trial court and no ruling of the court to review.

This court has said a complaining party's conduct in permitting the case to be submitted to the jury without asserting denial of a fair trial by reason of the alleged misconduct of the prosecuting attorney indicates a willingness of counsel to take his chances on a favorable verdict and constitutes a waiver of the alleged misconduct. Andrews v. Struble, 178 N.W.2d 391, 402 (Iowa 1970).

In order to properly preserve for review in this court the issue of a fair trial because of misconduct of counsel for the prevailing party it is the duty of the party aggrieved to timely voice objection to give the trial court opportunity to rule on the matter since he occupies a position of vantage and his conclusion is entitled to much weight. See State v. Schmidt, 259 Iowa 972, 981, 145 N.W.2d 631, 636.

We point out this is not a case where it appears defendant has been denied procedural fairness by the prosecutor's persistent attempts to secure defendant's conviction on the basis of innuendo and insinuation having no basis in evidence. See State v. Johnson, 222 N.W.2d 483, 488 (Iowa 1974).

Under this record this assignment presents nothing for review in this court.

V. In his two remaining assignments defendant contends the trial court erred in refusing to submit his requested instruction 4 dealing with the State's reliance on circumstantial evidence of the proof of the jurisdictional fact of venue and in failing to specifically instruct the jury the State relied upon circumstantial evidence to prove defendant had wrongfully taken and carried away domestic animals belonging to another.

The final draft of the instructions were submitted to counsel for both sides before being read to the jury and counsel were both given opportunity to make objections and take exceptions to the instructions as required by rule 196, Rules of Civil Procedure, as in force on March 13, 1973.

In their definitions of direct and circumstantial evidence, both requested instruction 4 and final instruction 8 are identical. Defendant's complaint, however, is instruction 8 did not contain the following language from his requested instruction 4:

"In this case the state has no direct evidence showing the defendant's commission of the crime in Allamakee County, Iowa, or of the wrongful taking and carrying away of any domestic animal belonging to another, or his intent to convert such property to his own use. The state in this case does rely upon circumstantial evidence to prove such elements."

The following is the complete record made by defendant upon which he must

rely in challenging the court's failure to give his requested instruction: "Defendant excepts to instruction No. 8, and says that their requested instruction No. 4 of the defendant should have been given.  *  *." No other exception was taken to the court's failure to give defendant's requested instruction.

This record presents nothing for review. State v. Bashkin, 220 N.W.2d 882, 884–886 (Iowa 1974).

In reaching our determination this court has considered every contention urged by defendant in his written brief and argument whether specifically referred to in this opinion or not.

Finding no error the case is therefore— affirmed.