**STATE of Iowa, Appellee,**

v.

**John H. JURGENSON, Appellant.**

No. 57094.

Supreme Court of Iowa.

Jan. 22, 1975.

Thomas M. Kelly, Jr., Davenport, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., and Edward N. Wehr, Scott County Atty., Realff H. Ottesen, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, REES, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

Defendant, John H. Jurgenson (Jorgensen in the clerk's transcript and notice of appeal) appeals conviction for drag racing in violation of Code section 321.284. He was tried to the court, found guilty and fined $100. We affirm.

Leon F. Washington, a Davenport police officer testified that while on patrol with his partner on the evening of January 4, 1973, he observed two automobiles, a Chevelle and a Plymouth, racing north on Sturdevant Street. He stated he heard the loud squeal of tires and that both vehicles were accelerating and traveling at a speed in excess of the lawful limit. He turned on his red lights and pursued the cars. The Plymouth turned left at Rockingham Road and proceeded in a westerly direction. The officers caught up with the Chevelle and arrested the driver, Michael Thomas.

Officer Washington testified he asked Thomas who the driver of the other car was, and, over defendant's hearsay objection, testified Thomas said it was defendant. Washington then searched for the Plymouth and found it outside a tavern. He found defendant inside the tavern and arrested him for drag racing. On cross-examination Washington stated he could not identify defendant from the view he had while in pursuit.

At the close of the State's case in chief defendant's motion to dismiss the charge contending the officer's identification was based on hearsay and the State had failed to prove that essential element of the offense charged, was overruled.

Defendant took the stand in his own defense and testified on the evening in question he and Michael Thomas left work in separate cars and, while traveling on Sturdevant Street, he passed Thomas on the left side of the street. Defendant denied he was speeding. At the close of all the evidence defendant renewed his motion to dismiss, which was overruled.

Defendant seeks reversal on two related grounds. First, he contends trial court erred in admitting, over his hearsay objection, testimony of Officer Washington that Michael Thomas identified defendant as driver of the Plymouth. Secondly, he asserts the trial court erred in overruling his motion to dismiss made at the close of the State's case and renewed at close of all evidence, claiming the State failed to prove he was the operator of the Plymouth.

I. The propriety of the trial court's ruling on defendant's hearsay objection, which ruling was based on the State's assertion the res gestae exception applied, need not be resolved.

The only matter objected to in Washington's alleged hearsay testimony was defendant's identity as the operator of the Plymouth. This was the State's only evidence establishing this essential element of the crime charged. Assuming arguendo the

testimony was hearsay and was not properly admissible under the claimed exception, then obviously the trial court erred in overruling defendant's objection. Where error appears prejudice is assumed unless the contrary is affirmatively established. State v. Mattingly, Iowa, 220 N.W.2d 865, 869, and citations.

However, error in the admission of evidence is not prejudicial where substantially the same evidence is in the record without objection. State v. McCollom, 260 Iowa 977, 983, 151 N.W.2d 519, 522; State v. Estrella, 257 Iowa 462, 468, 133 N.W.2d 97, 101, ("We are not convinced the order of the testimony makes any great difference when the substance of the hearsay testimony is substantially the same as that properly presented in the trial court by a competent witness."); Mathews v. Beyer, 254 Iowa 52, 61, 116 N.W.2d 477, 482.

"The erroneous admission of evidence that may be justification for reversal is neutralized and cured when the opposite party subsequently admits the fact erroneously proved or shows it by his own evidence." 5 Am.Jur.2d, Appeal and Error, section 806, page 248. See also, 5A C.J.S. Appeal and Error § 1724.

When defendant took the stand and identified himself as the driver of the car passing the Chevelle driven by Thomas, any error which may have resulted from admission of Officer Washington's testimony identifying defendant was rendered nonprejudicial.

II. Turning to defendant's claim trial court erred in overruling his motion to dismiss challenging the sufficiency of the evidence, it should be noted a motion to dismiss in a nonjury trial is the equivalent of a motion for directed verdict in a jury trial. State v. Stodola, 257 Iowa 863, 865, 134 N.W.2d 920, 921.

Error cannot be predicated on failure to grant defendant's motion for dismissal made at close of State's evidence. State v. House, Iowa, 223 N.W.2d 195 and citations. However, defendant's claim of insufficient evidence was properly preserved by his renewed motion to dismiss, made at the close of all the evidence.

The principles guiding the court's review of this issue are well defined.

"On an appeal challenging the sufficiency of the evidence we view the evidence in the light most favorable to the State and accept all reasonable inferences tending to support the verdict. If there is any substantial evidence reasonably supporting the charge the cause should be submitted to the jury. It is necessary to consider only that evidence which would support the verdict. (Citations)." State v. White, Iowa, 223 N.W.2d 163, 164, and citations.

"Drag racing" is defined in Code section 321.284 as follows: " * * * one or more persons competing in speed in excess of the applicable speed limit in vehicles on the public streets or highways." See State v. Volk, Iowa, 220 N.W.2d 607, 608–610. While the central thrust of defendant's sufficiency of the evidence argument is directed toward the evidence or lack of evidence of defendant's identity as the operator of the Plymouth automobile, he also raises the contention the State failed to sustain its burden to prove each element of the crime.

Officer Washington saw two automobiles, a Chevelle and a Plymouth, proceeding north on Sturdevant Street. He heard a loud squeal of tires and saw the vehicles proceeding side by side, accelerating on the wet and slippery pavement at a high rate of speed believed to be in excess of the limit. This testimony provided substantial evidence from which trial court could have found the operators of each automobile had committed the offense of drag racing as defined in Code section 321.284.

Defendant's own testimonial admission of his identity as the Plymouth's operator could also be properly considered

in passing on his motion to dismiss. State v. Niccum, Iowa, 190 N.W.2d 815, 823, citing United States v. Ponder, 444 F.2d 816, 822 (5 Cir. 1971), cert. den. 405 U.S. 918, 92 S.Ct. 944, 30 L.Ed.2d 788. ("When a defendant introduces evidence after a denial of his motion for [acquittal] at the close of the government's case, the reviewing court should consider the entire record, including defendant's evidence.")

Admission of the hearsay testimony was arguably erroneous, but any error was cured when defendant took the stand and testified to the same fact established by the hearsay. Substantial evidence was introduced to support the charge, and trial court properly overruled defendant's motion for dismissal.

Affirmed.