STATE of Iowa, Appellee,

v.

Kenneth Ray SHEFFEY, Appellant.

No. 57924.

Supreme Court of Iowa.

Oct. 15, 1975.

Bertram B. Metcalf, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

Heard by MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

Defendant was charged by county attorney's information with receiving stolen property valued at more than twenty dollars in violation of § 712.1, The Code. Following jury trial and conviction, judgment was entered sentencing him to an indeterminate prison term not to exceed five years. Upon defendant's appeal, we affirm.

From the record the jury could have found the following facts.

During the June 22, 1974 weekend forty five coins valued at approximately $2800 were stolen from a Davenport, Iowa, business office. June 24, 1974 at about 9:00 p. m. an unknown man approached defendant Kenneth Ray Sheffey on the sidewalk outside defendant's apartment and asked if he wanted to buy some coins. The man carried the coins in a small brown bag. Defendant bought part of the coins that evening for fifty dollars and arranged to meet the seller the next day in a parking ramp across the street from the Boyd and Boyd coin shop. There defendant purchased the remainder of the coins for one hundred dollars. On the same day he sold most of them for $496 to Gene Boyd, operator of the coin shop, representing they had belonged to his dead grandfather. In response to Boyd's question whether the coins were stolen, defendant stated he could guarantee they were not.

After receiving a police notice describing the coins as stolen, Boyd reported his purchases from defendant.

August 6, 1974, defendant pled not guilty to an initial county attorney's information charging "concealing" stolen property. At trial on September 9, 1974, before the jury was selected, the county attorney filed application to amend the information by changing the allegation of "concealing" to "receiving" stolen property. After determining there would be no resulting change in trial testimony, trial court allowed the amendment over defendant's objection and denied defendant's request for continuance. County attorney then discovered the amended information erroneously stated the offense occurred July 2, 1974 rather than June 25, 1974, and trial court over defendant's objection granted leave to correct the error.

Defendant asserts trial court erred in 1) allowing amendments to the information and denying his request for continuance, 2) overruling his motions for directed verdict, 3) overruling his objections to jury instruction No. 8 defining knowledge under § 712.-

1, The Code, and 4) overruling his motion for new trial.

I. *Amendments to Information.*

An information may be amended by order of the court before or during trial to correct errors or omissions in form or substance. Sections 769.12, 773.42, 773.43, The Code. The only statutory limitation is that the amendment must not have the effect of charging the accused with an offense different from that previously charged. Section 773.46, The Code. Since § 712.1 defines one crime which may be committed in three ways, by buying, receiving or aiding in concealing stolen property, *State v. Cooper*, 223 N.W.2d 177 (Iowa 1974); *State v. Houston*, 211 N.W.2d 598 (Iowa 1973), the amendment from "concealing" to "receiving" was not prohibited by § 773.46.

The question remains, however, whether defendant was prejudiced by allowance of the amendment. He had "a right to rely upon the acts alleged as constituting the offense with which he [was] charged and rest his defense upon a lack of proof by the State of the acts specified." *State v. Cooper*, supra at 180. In *Cooper*, after defendant's motion for directed verdict at close of all evidence, trial court allowed an amendment from "receive and possess stolen property" to "receive or aid in concealing stolen goods or property." We reversed, but noted if the amendment had been proposed earlier so as not to prejudice defendant, allowance would have been proper.

Defendant only generally alleges he was prejudiced by the amendment. As noted, the minutes of testimony attached to the original information remained unchanged, thus defendant cannot claim surprise. Nor does he allege he would have changed his trial preparation or strategy given earlier knowledge of the amended information. The charges do not call for different defenses; proof required to establish one is essentially the same proof re-

quired to establish the other. To establish concealing of stolen property the State need not prove actual hiding or secreting of the goods. It need only show defendant committed acts which rendered more difficult discovery or identification of the property by its owner. *State v. Upton*, 167 N.W.2d 625, 629 (Iowa 1969).

*State v. Crutcher*, 174 N.W.2d 449 (Iowa 1970) controls our disposition of this issue. In *Crutcher* the county attorney was permitted to amend the information after the jury was impaneled from "did receive certain goods" to "did buy, receive or aid in concealing certain goods * * *." We reasoned no different offense was charged because the amendment did nothing more than allege the manner of commission of the offense, and held the amendment was proper and within the court's discretion.

■ Defendant's argument that trial court erred in allowing a date change in the information is without merit. In *State v. Young*, 172 N.W.2d 128 (Iowa 1969) we upheld such an amendment at close of all the evidence even though defendant alleged prejudice, stating that the date fixed in an indictment was not material. *State v. Young*, supra at 129, *citing State v. Hardesty*, 261 Iowa 382, 153 N.W.2d 464 (1967); *State v. King*, 225 N.W.2d 337, 342 (Iowa 1975). See § 773.9, The Code.

■ The above discussion is dispositive of defendant's allegation trial court erred in denying his motion for continuance. A continuance should be granted only if substantial justice would be more nearly obtained. *State v. Johnson*, 219 N.W.2d 690, 697 (Iowa 1974). As we find defendant was neither prejudiced nor surprised by the amendment allowed, there was no ground for a continuance. See § 773.47, The Code. Granting or refusing a motion for continuance rests largely in the sound and very broad discretion of the trial court. *State v. Youngbear*, 229 N.W.2d 728, 734 (Iowa 1975); *State v. Cowman*, 212 N.W.2d 420, 423 (Iowa 1973). In the case *sub judice* trial court did not abuse its discretion either in allowing amendments to the information or denying a continuance.

## II. *Motions for Directed Verdict.*

■ The principles applicable on review of a ruling on motion for directed verdict are discussed in *State v. White*, 223 N.W.2d 163 (Iowa 1974) and *State v. Dahlstrom*, 224 N.W.2d 443 (Iowa 1975). The evidence is viewed in the light most favorable to the State and all reasonable inferences tending to support the charge are accepted. If there is any substantial evidence tending to support the charge the cause should be submitted to the jury. We need consider only that evidence which would support the verdict.

■ There was ample evidence from which the jury could have concluded defendant violated § 712.1, The Code. Of the four elements necessary to prove a § 712.1 violation, only the element of guilty knowledge was in dispute. While defendant denied he knew or suspected the coins were stolen, he also testified he bought the coins for $150 from an unknown man who approached him on the street at night. This presented a credibility question peculiarly within the province of the trier of fact to resolve. *State v. Dahlstrom*, supra at 448; *State v. Harrington*, 178 N.W.2d 314 (Iowa 1970).

■ In light of these principles and the Iowa rule that the accused's unexplained possession of recently stolen property justifies an inference he illegally received it, *State v. Houston*, 211 N.W.2d 598, 600 (Iowa 1973) and *State v. O'Kelly*, 211 N.W.2d 589 (Iowa 1973), cert. denied, 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974), the motions for directed verdict were properly overruled.

## III. *Knowledge Instruction.*

Defendant objects to an instruction that the jury need not find defendant had actual knowledge of the larceny, "but only that the facts and circumstances known to him

were sufficient to satisfy him that the property had been so obtained, or to cause him to believe that the said coins had been obtained by larceny." Defendant argues § 712.1 requires "knowing the same to have been so obtained," and this does not mean *believing* they have been stolen.

The question is one of legislative intent. On three occasions we have interpreted § 712.1 to require only that facts and circumstances known to defendant were sufficient to satisfy him or cause him to believe the goods were stolen. *State v. Friend*, 210 Iowa 980, 230 N.W. 425 (1930); *State v. Van Treese*, 198 Iowa 984, 200 N.W. 570 (1924); *State v. Feuerhaken*, 96 Iowa 299, 65 N.W. 299 (1895). Later decisions from other jurisdictions are in accord. See 66 Am.Jur.2d, Receiving Stolen Property § 9 (1973); 76 C.J.S., Receiving Stolen Goods § 8c (1952) and citations. A minority view holds it is sufficient to prove defendant's guilty knowledge if the jury finds a *reasonable person* would have known the goods were stolen. E. g., *State v. Moynahan*, 164 Conn. 560, 325 A.2d 199, cert. denied, 414 U.S. 976, 94 S.Ct. 291, 38 L.Ed.2d 219 (1973); *Seymour v. State*, 246 So.2d 155 (Fla.Ct.App.1971); *People v. LaValley*, 7 Ill. App.3d 1051, 289 N.E.2d 45 (1972); *Brown v. State*, 281 So.2d 924 (Miss.1973); *State v. Rowe*, 57 N.J. 293, 271 A.2d 897 (1970).

The majority of courts, however, impose a subjective test; that is, what was defendant's state of mind? E. g., *Cochran v. State*, 255 Ind. 374, 265 N.E.2d 19 (1970); *State v. Beale*, 299 A.2d 921 (Me.1973); *State v. Abraham*, 189 Neb. 728, 205 N.W.2d 342 (1973); *State v. Grant*, 17 N.C. App. 15, 193 S.E.2d 308 (1972); *Commonwealth v. McFarland*, 226 Pa.Super. 138, 308 A.2d 126 (1973). Trial court's instruction in this case is in harmony with the latter authorities; it requires a jury finding that defendant knew sufficient facts and circumstances to satisfy *him* the goods were stolen.

 Operating against defendant here is the familiar rule that when the court has interpreted a statute and the legislature thereafter leaves the statute unchanged, it is presumed that the legislature has acquiesced in that interpretation. See *State v. Dunham*, 232 N.W.2d 475 (Iowa 1975) and cases cited therein. Additionally, we have often said in seeking legislative intent we must consider the language used, the objects to be accomplished, the evils and mischief sought to be remedied, and place a reasonable construction on the statute which will effect its purpose rather than one which will defeat it. *Crow v. Shaeffer*, 199 N.W.2d 45, 47 (Iowa 1972); *State v. Johnson*, 216 N.W.2d 335, 337 (Iowa 1974); *Rodman v. State Farm Mutual Automobile Ins. Co.*, 208 N.W.2d 903 (Iowa 1973). To adopt the construction of § 712.1 urged here would defeat rather than effect the purposes of that statute, and we adopt instead the following position of Judge Learned Hand:

"The defendants ask us to distinguish between 'knowing' that goods are stolen and merely being put upon an inquiry which would have led to discovery * * *. The receivers of stolen goods almost never 'know' that they have been stolen, in the sense that they could testify to it in a court room. The business could not be so conducted, for those who sell the goods * * * must keep up a more respectable front than is generally possible for the thieves. Nor are we to suppose that the thieves will ordinarily admit their theft to the receivers: that would much impair their bargaining power. For this reason, some decisions even go so far as to hold that it is enough, if a reasonable man in the receiver's position would have supposed that the goods were stolen. That we think is wrong; and the better law is otherwise, * * *. But that the jury must find that the receiver did more than infer the theft from the circumstances has never been demanded, so far as we know; and to demand more would emasculate the statute, for the evil against which it is directed is exactly that: i. e., making a market for stolen

goods which the purchaser believes to have probably been stolen."

*United States v. Werner*, 160 F.2d 438, 441–442 (2d Cir. 1947).

## IV. *Motion for New Trial.*

Defendant contends trial court was wrong in overruling his new trial motion. He alleges the court misdirected the jury in a material matter of law in its instruction on guilty knowledge, § 787.3(5), which resulted in a verdict contrary to law, § 787.3(6), and he did not receive a fair and impartial trial, § 787.3(8).

The court correctly instructed the jury as to guilty knowledge, and this disposes of the first two alleged grounds for a new trial.

Nothing in the record leads us to conclude defendant did not get a fair trial, nor does defendant allege specific grounds for this argument. Trial courts have considerable discretion in granting or denying motions for new trial. *State v. Kramer*, 231 N.W.2d 874 (Iowa 1975); *State v. Dalgliesh*, 223 N.W.2d 627 (Iowa 1974); *State v. Parkey*, 200 N.W.2d 518 (Iowa 1972). Unless there clearly appears to be a miscarriage of justice this discretion will rarely be disturbed. *State v. Russell*, 259 Iowa 1133, 147 N.W.2d 22 (1967). It will not be disturbed here.

The conviction is therefore affirmed.

Affirmed.