**STATE of Iowa, Appellee,**

v.

**Herbert John DYKERS, Jr., Appellant.**

**No. 57911.**

Supreme Court of Iowa.

March 17, 1976.

**856**

John R. Sandre of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Dorothy Kelley, Asst. Atty. Gen., Des Moines, Walter W. Barbee, County Atty., Spirit Lake, for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REES, JJ.

REES, Justice.

Defendant Herbert Dykers, Jr., was charged by county attorney's information with the crime of buying, receiving or aiding in the concealing of stolen property valued in excess of $20 in violation of § 712.1, The Code. Following jury verdict of guilty, trial court sentenced defendant to an indeterminate prison term not to exceed five years. Defendant appeals. We affirm.

The following facts were brought out by testimony at trial. Glen Crowley, a job superintendent for McHan Construction Company, noticed a power trowel owned by the company was missing from a construction site in Spencer the morning of September 4, 1974. In addition, a construction shed had been forcibly entered and various smaller tools taken. The apparent theft was reported to authorities.

Crowley testified he received information the missing power trowel was in Dickinson County, and he reported this to Spencer police. In late September Detective Marlin Wimmer of that department and Agent Terry Johnson of the Iowa Bureau of Criminal Investigation called Crowley to Spirit Lake to identify what they suspected to be the missing machine. The power trowel in question was in the possession of defendant—it was, in fact, in his pickup truck—and Crowley identified it as the one stolen from the construction site. At the time of the identification, defendant was engaged in a partnership enterprise doing concrete work.

Charges were filed against defendant, who pleaded not guilty. Trial commenced December 3, 1974, in Spirit Lake. Defendant testified in his own behalf that he was the rightful owner of the power trowel found in his possession and had purchased the machine for cash from a Vernon Coffin of Storm Lake in August 1973. Coffin was dead at the time of trial. Defendant admitted he had engaged a friend to write up a false sales receipt in the name of the late Mr. Coffin. This was accomplished after defendant had been charged in this matter, and defendant explained he initiated the fraudulent act only because he was told he would be released from jail if he could produce a receipt.

The jury returned a verdict finding defendant guilty of the crime charged. Sentencing occurred on December 27, 1974, and defendant filed notice of appeal the same day.

Defendant states for review the following issues which he contends entitle him to reversal of his conviction:

(1) Trial court erred in admitting into evidence over defendant's objection State's Exhibit "C", a report from the state criminalistics laboratory;

(2) Trial court erred in overruling defendant's motion for a directed verdict made at the close of all the evidence, which motion asserted the evidence was insufficient to establish every element of the crime beyond a reasonable doubt.

I. In his first issue stated for review, defendant asserts trial court erred in allowing the admission into evidence of a written report by the state criminalistics laboratory.

Much of the trial was concerned with the identification of the power trowel found in the back of defendant's pickup truck, *i. e.*, whether it was the same one stolen from the construction site in Spencer. Job super-

intendent Crowley testified the missing machine had a gold engine. It is undisputed the power trowel in defendant's truck had a black engine. B.C.I. Agent Johnson testified he took some paint samples from the engine and sent them to the criminalistics laboratory for analysis. The resulting laboratory report, admitted over objection by defendant, stated simply: "The paint shavings in Exhibit "B" were examined and found to be black paint layered over a copper colored metal flake paint."

Defendant based his objection to the introduction of the laboratory report on a claimed lack of proper foundation and upon the alleged failure of the State to comply with § 749A.2, The Code. On appeal defendant bases his argument entirely upon the latter ground.

The statute in question provides:

749A.2 *Presumption of qualification— acceptance in evidence.* It shall be presumed that any employee or technician of the criminalistics laboratory is qualified or possesses the required expertise to accomplish any analysis, comparison, or identification done by him in the course of his employment in the criminalistics laboratory. Any report, or copy thereof, or the findings of the criminalistics laboratory shall be received in evidence in any court, preliminary hearing, and grand jury proceeding in the same manner and with the same force and effect as if the employee or technician of the criminalistics laboratory who accomplished the requested analysis, comparison, or identification had testified in person. An accused person or his attorney may request that such employee or technician testify in person at a criminal trial on behalf of the state before a jury or to the court, by notifying the proper county attorney at least ten days before the date of such criminal trial."

A related provision, Code § 749A.4, says:

"749A.4 *Copy of finding to defendant.* The county attorney shall give the accused person, or his attorney, after an indictment or county attorney's information has been returned, a copy of each report of the findings of the criminalistics laboratory conducted in the investigation of the indictable criminal charge against him at the time of arraignment, or if such report is received after arraignment, upon receipt, whether or not such findings are to be used in evidence against him. If such report is not given to the accused or his attorney at least four days prior to trial, such fact shall be grounds for a continuance."

■ It is obvious § 749A.2 authorizes the admission of otherwise inadmissible hearsay evidence. *State v. One Certain Conveyance, 1971 Honda 350, etc.,* 211 N.W.2d 297, 300 (Iowa 1973). The statute also gives a defendant the opportunity to request that the author of the criminalistics report testify in person. Such request is entered by notification to the county attorney at least ten days prior to trial.

In the instant case, apparently neither defendant nor his attorney was notified by the State of its intention to introduce into evidence a criminalistics report until the actual attempt to have it admitted at trial occurred. Defendant's attorney made timely objection to the admission of the report based upon the lack of notice by the State and the resulting lack of opportunity for the defendant to request the laboratory technician's presence for testimony.

Defendant asserts the hearsay exception created by § 749A.2 cannot be utilized in the absence of an opportunity for defendant to request the personal presence of the maker of the report, as is also provided in the same section. According to his brief, in order to take advantage of the hearsay exception, the State must strictly comply with the corresponding provision for the protection of a defendant's rights.

■ The State urges that where the county attorney does not furnish defendant with a copy of the criminalistics report at least four days prior to trial, defendant's

remedy consists of the provision for a continuance in § 749A.4 and not of a rule of inadmissibility. The State further argues that even if the lack of opportunity for defendant to request the personal testimony of the laboratory technician rendered the report inadmissible hearsay, its admission was harmless and did not constitute reversible error.

The State's first contention need not be resolved. Assuming arguendo that defendant's lack of opportunity to request the personal testimony of the laboratory technician rendered the written report inadmissible as hearsay, the record nonetheless manifestly demonstrates any error in admitting the report was harmless and does not require reversal.

Where error appears, prejudice is assumed unless the contrary is affirmatively established. *State v. Mattingly*, 220 N.W.2d 865, 869 (Iowa 1974). However, error in the admission of evidence is not prejudicial where substantially the same evidence is on the record without objection. *State v. Jurgenson*, 225 N.W.2d 310, 312–313 (Iowa 1975). Immediately prior to the time of the admission into evidence of the challenged report, Agent Johnson testified regarding the color of the engine as follows:

> "Mr. Dykers said he had painted it black on two occasions—once just after he got it and once approximately a month ago. He thought he bought it a year to a year and a half prior to the time we talked to him. He said that at the time he bought it from Mr. Coffin it was a bluish-green. We inspected the surface paint and the underneath layer of paint. On October 11, 1974, we scratched paint samples of it in the same places so as not to damage the machine any more than necessary. We took paint samples from the engine block, some off the gas tank, and a small portion on the starter cover. There was a place where the gasoline was dripping. I also rubbed the paint there. The paint underneath appeared to be orange but it had been sanded in order to

repaint it. It's a light brown or tan. One might call it copper color or a gold color."

Johnson's testimony was admitted without objection. It was not contradicted insofar as it went to the colors of the top and bottom coats of paint on the engine.

It is evident the written laboratory report contained nothing not already substantially presented by Agent Johnson's testimony. We also note that during his cross-examination, defendant testified the bottom coat of paint on the engine might be called "orange" or "copper".

For the reasons set out above, we must conclude defendant's first issue for review states no reversible error.

II. In his second issue stated for review, defendant asserts trial court erred in overruling his motion for directed verdict made at the close of all evidence. Such motion asserted the legal insufficiency of the evidence adduced to justify submission of the case to the jury.

In his brief on appeal, defendant asserts the State's proof failed with respect to each and every element of the crime charged. However, the brief supports its claim in three respects only:

(1) the sufficiency of evidence to prove the power trowel in defendant's possession was stolen,

(2) the sufficiency of evidence to prove defendant bought, received or aided in concealing the stolen power trowel on the date charged in the county attorney's information; and

(3) the sufficiency of the evidence to prove defendant's knowledge the power trowel was stolen.

The principles governing our review of a ruling on motion for directed verdict are well established. See *State v. Sheffey*, 234 N.W.2d 92, 96 (Iowa 1975); *State v. Dahlstrom*, 224 N.W.2d 443, 447–448 (Iowa 1974); *State v. White*, 223 N.W.2d 163, 164 (Iowa 1974). Defendant is correct in asserting the

evidence adduced must raise more than a mere suspicion or speculation as to guilt. *State v. Dahlstrom, supra*; *State v. Williams*, 179 N.W.2d 756, 758 (Iowa 1970). However, we view the evidence in the light most favorable to the State and accept all reasonable inferences tending to support the charge. If there is any substantial evidence tending to support the charge the case should be submitted to the jury; we need consider only evidence supporting the verdict. *State v. Sheffey, supra.*

Viewed in this manner, the record discloses ample evidence to support a conviction for violation of § 712.1. In pertinent part that section provides:

"712.1 *Punishment.* If any person buy, receive or aid in concealing any stolen money, goods, or property the stealing of which is larceny, or property obtained by robbery or burglary, knowing the same to have been so obtained, he shall, when the value of the property so bought, received, or concealed by him exceeds the sum of twenty dollars, be imprisoned in the penitentiary not more than five years, or be fined not exceeding five hundred dollars and imprisoned in the county jail not more than one year  *  *  *."

Construction superintendent Crowley testified to several identifying characteristics of the machine stolen from the construction site which were shared by the machine in defendant's possession. These included a gold-colored engine, a peculiar homemade oil-fill consisting of a piece of half-inch pipe with a screw cap, a bent bolt on the air breather, rusty paddles (due to acid cleansing) and a spliced wire to the shut-off button. Also identical were the brand and the automatic shut-off device. From the foregoing, the jury could have concluded the power trowel in defendant's possession was the one stolen earlier in Spencer.

■ Section 712.1, defines one crime which may be committed in any of three ways, by buying, receiving or aiding in concealing stolen property. *State v. Cooper*, 223 N.W.2d 177, 179 (Iowa 1974).

We need only note there was sufficient evidence adduced from which the jury might conclude defendant aided in concealing the power trowel. To establish concealment, the State need not show actual hiding or secreting of the property. It is sufficient if proof is adduced to show acts by the defendant which rendered more difficult discovery or identification of the property by its owner. *State v. Upton*, 167 N.W.2d 625, 629 (Iowa 1969). As noted in division one of this opinion, Agent Johnson testified without objection that defendant had informed him he had twice painted the motor black. Defendant himself confirmed this in testimony on cross-examination. Johnson also testified paint scrapings he took from the machine revealed an orange, copper or gold coat underneath the black. From the above testimony the jury could have concluded defendant painted the engine black in order to render more difficult an identification of the trowel as the one stolen.

■ Finally, we hold there was ample evidence from which the jury might infer defendant's knowledge the trowel was stolen. Unexplained possession of recently stolen property by the accused justifies an inference he illegally received it with guilty knowledge. *State v. Houston*, 211 N.W.2d 598, 600 (Iowa 1973); *State v. O'Kelly*, 211 N.W.2d 589, 596 (Iowa 1973), cert. denied, 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974). In *State v. Sheffey, supra*, 234 N.W.2d at 96, we considered a defendant's claim that the State failed to prove his guilty knowledge. Defendant there offered the explanation he had purchased a number of coins for $150 from an unknown man who approached him on the street at night. We rejected defendant's claim trial court should have sustained his motion for directed verdict, holding his explanation of how he came in possession of the goods raised a credibility question peculiarly within the province of the trier of fact to resolve.

Similarly, defendant in the instant case offered an explanation as to how he acquired the power trowel. He asserted he purchased it for cash from Vernon Coffin of

Storm Lake in August 1973. A substantial credibility question was clearly present. At the time of trial Mr. Coffin was dead. The man who defendant claimed helped him load the machine was dead at the time of trial, having died in an auto accident. There was testimony that neither the late Mr. Coffin's attorney nor bookkeeping agency had any record of such transaction. His widow could find no record of a sale. Defendant testified a previous income tax return would probably reflect the purchase of the troweling machine, but he said his papers were burned in a fire the previous summer. Although defendant admitted his attorney would probably have copies of his past returns, he did not undertake to procure or produce any such records. Finally, defendant admitted he convinced a friend to prepare a fraudulent receipt subsequent to his being charged in the case. According to defendant, this was prompted only by his desire to get out of jail.

The record clearly demonstrates a credibility question in regard to defendant's explanation of his acquisition of the trowel. As in *Sheffey, supra,* the question of defendant's guilty knowledge was one for the jury.

We find no merit in defendant's contention trial court erred in overruling his motion for directed verdict.

III. Having found no reversible error, we conclude trial court must be affirmed.

AFFIRMED.

MOORE, C. J., and LeGRAND, J., concur.

MASON and RAWLINGS, JJ., concur specially.

MASON, Justice (concurring specially).

I believe the statement of law announced in division I to the effect "Error in admission of evidence is not prejudicial where substantially the same evidence is on the record without objection," is too broad when announced without qualification, limitations or explanations and does not serve as a proper guideline for the trial bench and bar in dealing with the admission and exclusion of evidence.

RAWLINGS, J., joins in this special concurrence.