**STATE of Iowa, Appellee,**

v.

**James Leonard BENSON, Appellant.**

**No. 92–820.**

Court of Appeals of Iowa.

Aug. 6, 1993.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik and Patricia Reynolds Lapointe, Asst. State Appellate Defenders, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., John Sarcone, County Atty., and Jeffrey K. Noble, Asst. County Atty., for appellee.

* Senior judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.

1. The defendant's motion to suppress the result of his blood test and statements taken after a

Heard by SACKETT, P.J., and HABHAB, J., and KEEFE, Senior Judge.*

HABHAB, Judge.

This is an appeal by defendant-appellant from his conviction, following a jury trial, of operating a motor vehicle under the influence of alcohol or a drug, second offense. On appeal, he contends the district court erred in (1) failing to exclude his admission of drinking in violation of his *Miranda* rights, and (2) failing to grant a new trial due to an improper comment by the prosecutor during closing arguments. We affirm.

Officer Roger Stiles placed defendant under arrest for traffic violations after an auto accident in downtown Des Moines. Defendant, while driving at a high rate of speed, reportedly ran a red traffic-control light and collided with another car, injuring several occupants.

Other officers at the scene placed defendant in an official vehicle. He was then moved to another police vehicle and was taken to Broadlawns Hospital. Officer Stiles, who on that evening was assigned to accident investigation, conducted an on-the-scene investigation. From there, he went to Broadlawns Hospital to talk to defendant. In the course of his conversation, Officer Stiles asked defendant if he had been drinking, to which defendant replied, "yes."

Officer Stiles did not give defendant *Miranda* warnings prior to the conversation. The defendant contends that the failure to warn him in accordance with the *Miranda* mandate makes the statement made by him that he had been drinking inadmissible.[1]

Assuming without deciding that it was error for the police officer to testify that the defendant admitted he was drinking, we find he was not prejudiced by this testimony. The witnesses who were near the defendant after he collided with the other vehicle testified they smelled alcohol on his breath. In

request for counsel was sustained by the trial court. The statement that is objected to was made prior to the time defendant requested counsel.

addition, witnesses testified they believed defendant was intoxicated. The description of his driving by several witnesses was probative on the issue of his intoxication.

The issue here is whether the defendant was driving while intoxicated. Besides the alcohol smell and his driving, there were other indications of intoxication. A witness testified defendant's answer did not make sense and his speech was "not a full slur, but not clear." Another testified defendant's eyes were "bloodshot and bugging out"; his eyes were "very large and red ... were bloodshot, milky; they weren't clear"; and he left his car running. The jury was told the slurred speech and red eyes were evidence of intoxication. This was also true of the "impaired" or erratic driving.

As defendant notes, the evidence of slurred speech and red eyes alone was not conclusive of intoxication. But the overall evidence was very strong, especially as to drinking. The evidence other than Officer Stiles' testimony left no doubt defendant had been drinking. We conclude the admission by defendant to Officer Stiles that he had been drinking did not prejudice the rights of the defendant.

■ Nor is the defendant entitled to relief on the alleged error in comments of the prosecutor during rebuttal arguments. The record reveals that in closing arguments defense counsel argued that the defendant had been driving around downtown Des Moines for about three hours just before he struck the other car. Defendant's counsel sought to show defendant had no opportunity to drink. In rebuttal argument, the prosecutor argued that defense counsel's assertion that defendant had been driving around for three hours prior to the accident was not supported. He then stated,

> And Mr. Montgomery [defense counsel] had a chance to introduce some evidence that would tend to show that [defendant] was, in fact, driving around the loop for three hours and didn't—

At this point, an objection was made. Before a ruling was necessary, counsel for the State withdrew his remark and requested the court to instruct the jury that the remark was improper. Defense counsel also made a very specific request for an instruction to the jury.

The court did then instruct the jury that the defendant had a right not to testify and that no inference was to be drawn from defendant's failure to testify. The defendant did not request a mistrial. Defendant did request and obtained an instruction to the jury designed to correct any problem that may result from the statement by the prosecutor.

The State argues the defendant did not preserve error on this issue because of his failure to move for a mistrial. In this respect, our supreme court, in *State v. Radeke*, 444 N.W.2d 476, 479 (Iowa 1989), stated:

> There is, however, no record of defendant requesting a mistrial. An appellate court must take the record on appeal as counsel made it. We can only consider matters that are in the record. *Allen v. Highway Equip. Co.*, 239 N.W.2d 135, 143 (Iowa 1976). A failure to request a mistrial for alleged misconduct by opposing counsel must be asserted before the issues are submitted to the jury. *State v. Dahlstrom*, 224 N.W.2d 443, 449 (Iowa 1974). In permitting the case to be submitted to the jury without asserting the denial of a fair trial by reason of the alleged misconduct, defendant's counsel indicates a willingness to take a chance on a favorable verdict and waives the claim of misconduct. *Id.* Since the record does not indicate that such a motion was made, defendant waived the right to object to any alleged misconduct.

We pass the question whether defendant's failure to move for a mistrial, under the circumstances here, constituted a waiver of his right to object to the alleged misconduct on appeal. In addition, we need not decide whether the comments made by prosecuting attorney were proper for with the giving of the admonition to the jury by the trial court immediately after the statement was made, coupled with the corrective instruction to the jury, we do not believe the alleged misconduct prejudiced defendant's substantial right causing the defendant to be deprived of a fair trial. *State v. Bishop*, 387 N.W.2d 554, 562–63 (Iowa 1986). We affirm on this issue.

**AFFIRMED.**