# IN THE COURT OF APPEALS OF IOWA

No. 18-1220
Filed November 6, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JEHU PURNELL,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

Jehu Purnell appeals from his conviction of willful injury causing serious injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Potterfield and Greer, JJ.

**GREER, Judge.**

Jehu Purnell appeals from his conviction of one count of willful injury causing serious injury. He argues that there was insufficient evidence to support findings that he stabbed the victim or that he had the specific intent to cause serious injury. We disagree and affirm.

## I. Background Facts and Proceedings.

On June 17, 2016, Jamiel Culps was stabbed twice during a fight at a barbecue at Tim Ashford's home in Burlington, Iowa. Witnesses identified Purnell as the stabber. In March 2018, Purnell was charged with one count of willful injury causing serious injury in violation of Iowa Code section 708.4(1) (2016). The case proceeded to a jury trial.

During the trial, the jury heard testimony related to a fight between partygoers. To set the scene, Culps and two other guests at the barbecue—James Korf and Latisha Lewis—testified at trial. According to their testimony, about twenty people were at the barbecue that evening. During the party, Purnell and Ashford argued. Others, including Culps, tried to calm them down. It was at this point that Purnell then began arguing with Culps, and it quickly escalated into a physical fight. Purnell slapped Culps, then Culps hit Purnell twice. Other guests at the barbecue stood around them. Culps, Korf, and Lewis all testified that during the fight an onlooker shouted something equivalent to, "He's stabbing him! He's stabbing him!" As the two men grabbed each other and fell, Culps slammed into a car door and then onto the ground. Purnell landed on top of Culps. After the two men landed on the ground, onlookers pulled the two apart and broke up the fight.

When they separated, Culps realized he had been stabbed. All the same, Culps, Korf, and Lewis denied seeing a knife or seeing Purnell stab Culps. Likewise, the police did not recover a knife from the scene but did find blood on the car where Culps had fallen into the door.

After a rushed transport to the hospital, doctors found stab wounds to Culps's kidney and chest. Because of the seriousness of injury, doctors inserted a chest tube to drain the blood. As a result of the stab wounds, Culps was at risk for hemodynamic failure and respiratory failure, both of which can be fatal. Culps spent one day in intensive care, forty-eight hours at the hospital after the stabbing, and two months recovering.

After the presentation of these facts and at the close of the State's evidence, Purnell's counsel moved for judgment of acquittal arguing that the State failed to prove Purnell had a knife or that he was the individual who stabbed Culps. The court denied the motion. Purnell did not present any evidence in his defense. He renewed his motion for judgment of acquittal "on the basis of the State's failure to prove its case on the elements," which was denied.

After deliberations, the jury found Purnell guilty as charged. The district court sentenced him to a term of imprisonment not to exceed ten years. Purnell appeals.

## II. Standard of Review.

"We review challenges to the sufficiency of the evidence for correction of errors at law." *State v. Veal*, 930 N.W.2d 319, 328 (Iowa 2019). Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury was free to reject certain evidence and credit other evidence. "Consequently,

where the record contains substantial evidence, 'we are bound by the jury's finding of guilt.'" *State v. Button,* 622 N.W.2d 480, 483 (Iowa 2001) (quoting *State v. Romeo*, 542 N.W.2d 543, 545 (Iowa 1996)). We review claims of ineffective assistance of counsel de novo. *State v. Liddell*, 672 N.W.2d 805, 809 (Iowa 2003).

### III. Analysis.

To begin, Purnell argues the district court should have granted his motion for judgment of acquittal because insufficient evidence showed that he stabbed Culps or that he did so with the specific intent to cause a serious injury. "[W]e will uphold a verdict if substantial evidence supports it." *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018) (quoting *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017)). "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Ramirez*, 895 N.W.2d at 890 (quoting *State v. Reed*, 875 N.W.2d 693, 704–05 (Iowa 2016)). "Direct and circumstantial evidence are equally probative." *State v. Kelso-Christy*, 911 N.W.2d 663, 668 (Iowa 2018) (quoting *State v. Maynard*, 379 N.W.2d 382, 383 (Iowa Ct. App. 1985)).

With those legal principles in mind, Purnell acknowledges that his motion only challenged the sufficiency of the evidence of identity but not of intent. But on appeal, Purnell also seeks to challenge the sufficiency of the evidence of intent using an ineffective-assistance-of-counsel framework. We will address his claims in turn.

**A. Identity.** Central to his arguments, Purnell claims there was insufficient evidence to show that he was the person who stabbed Culps. We disagree. At trial, Culps testified that no one else was involved in the fight stating, "I mean, there

was people everywhere; but as far as, like, in the middle of our fight, no." No other witnesses saw anyone else involved in the fight between Purnell and Culps, except to break it up. By that point, Culps had been stabbed. Taking the evidence in the light most favorable to the State, there is sufficient evidence to convince a jury beyond a reasonable doubt that Purnell was the stabber.

**B. Specific Intent.** As noted, Purnell did not challenge the specific intent element in his motion for judgment of acquittal. Instead, on appeal Purnell claims his trial attorney was ineffective by failing to argue there was insufficient evidence of specific intent to cause serious injury.

To prevail on a claim of ineffective assistance of counsel, Purnell must prove by a preponderance of the evidence that "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015) (quoting *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012)).[1] Purnell must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). There is no duty to raise a meritless issue, so we will consider whether Purnell has raised a valid sufficiency-of-the-evidence claim. *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009). If the trial record fails to reveal substantial evidence to support the

---

[1] Effective July 1, 2019, the legislature prohibited an appellate court from addressing an ineffective-assistance-of-counsel claim on direct appeal. 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (2019)). The Iowa Supreme Court determined this statutory amendment applies prospectively only. *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019) ("We conclude the absence of retroactivity language in sections 814.6 and 814.7 means those provisions apply only prospectively and do not apply to cases pending on July 1, 2019."). For that reason, the statutory amendment does not affect this case.

conviction, counsel would be ineffective for failing to raise the issue and prejudice would result. "On the other hand, if the record reveals substantial evidence, counsel's failure to raise the claim of error could not be prejudicial." *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004).

"Specific intent is present when from the circumstances the offender must have subjectively desired the prohibited result." *State v. Fountain*, 786 N.W.2d 260, 264 (Iowa 2010) (quoting *State v. Redmon*, 244 N.W.2d 792, 797 (Iowa 1976)). A person's specific intent is rarely capable of direct proof. *Id.* Instead, "[i]ntent may be shown by circumstantial evidence and the reasonable inferences drawn from that evidence." *State v. Acevedo*, 705 N.W.2d 1, 5 (Iowa 2005).

Willful injury "is intended to cause serious injury to another." Iowa Code § 708.4.

> "Serious injury" means any of the following:
> . . . .
> b. Bodily injury which does any of the following:
> (1) Creates a substantial risk of death.
> (2) Causes serious permanent disfigurement.
> (3) Causes protracted loss or impairment of the function of any bodily member or organ.

*Id.* § 702.18(1)(b).

There was substantial evidence for the jury to conclude Purnell stabbed Culps. A reasonable jury could conclude the use of the knife indicated Purnell intended to inflict serious injury upon another. Evidence confirms the identity of the only two men engaged in a physical fight started by Purnell. The resulting stab wounds were deep enough to puncture Culps's kidney and chest cavity. Culps's wounds put him at risk of hemodynamic failure from blood loss and respiratory failure from being unable to oxygenate his organs, both of which could have been

fatal if not treated.  These facts provide substantial evidence supporting Purnell's intent to injure Culps.  For these reasons, we find there was substantial evidence to convince a rational jury beyond a reasonable doubt that Purnell had the specific intent to cause serious injury to Culps.  Purnell's trial counsel was not ineffective for failing to raise this claim in the motion for judgment of acquittal.

**IV.  Disposition.**

For these reasons, we affirm Purnell's conviction.

**AFFIRMED.**