STATE of Iowa, Plaintiff-Appellee.

v.

Glen Merle MAYNARD,
Defendant-Appellant.

No. 84–1967.

Court of Appeals of Iowa.

Sept. 24, 1985.

Jim P. Robbins, of Donelson & Robbins, Boone, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Valencia Voyd McCown, Asst. Atty. Gen., for plaintiff-appellee.

Heard by OXBERGER, C.J., and SNELL, and SACKETT, JJ.

SACKETT, Judge.

At 3:20 a.m., defendant, an employee of the Woodward State Hospital, was observed in a cottage in the hospital complex. Defendant was naked and was getting into bed with a severely retarded female patient who was also naked. Defendant was charged with assault with Intent to Commit Sexual Abuse with No Injury resulting in violation of Iowa Code section 709.11 (1983). The case was tried to the court. Defendant was found guilty as charged

and sentenced to a term not to exceed two years. Defendant appeals from his conviction.

Defendant claims the trial court erred in overruling his motion to dismiss [1] and his motion for acquittal and in finding him guilty of assault with intent to commit sexual abuse. The only real issue raised in these three arguments is whether defendant's act of being naked and getting into bed with a severely retarded naked female is sufficient to support a finding of assault with intent to commit sexual abuse. Section 709.11 provides in relevant part:

Any person who commits an assault, as defined in section 708.1, with intent to commit sexual abuse is guilty of ... an aggravated misdemeanor if no injury results.

Section 708.1 provides in relevant part:
A person commits an assault when, without justification, the person does any of the following:

1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.

2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

In determining the sufficiency of evidence to support a guilty verdict, we must consider all the evidence in the light most favorable to the state. *See State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980). All legitimate inferences which may fairly and reasonably be deducted therefrom will be accepted. *State v. Schrier,* 300 N.W.2d 305, 306 (Iowa 1981). Direct and circumstantial evidence are equally probative. Iowa R.App.P. 14(f)(16). Whether the evidence is direct or circumstantial, however, it must raise a fair inference of guilt; it must do more than create

speculation, suspicion, or conjecture. *State v. Schrier,* 300 N.W.2d 305, 308 (Iowa 1981).

The evidence shows the hospital telephone operator calls each cottage every hour. A call had been made about 3:01 a.m. and at 3:20 defendant was observed getting into bed with the naked severely retarded patient. The patient could not speak and was so mentally incompetent and incapacitated that she was unable to understand the nature and consequences of a sex act. When observed defendant had two hands and one knee on her bed. Defendant appears to argue this overt act only shows that he was doing a stupid thing; not that he was going to commit sexual abuse as found by the court.

The Iowa court said in *State v. Roby,* 194 Iowa 1032, 1043, 188 N.W. 709, 714 (1922):

The overt act must reach far enough towards the accomplishment, toward the desired result, to amount to the commencement of the consummation, not merely preparatory. It need not be the last proximate act to the consummation of the offense attempted to be perpetrated, but it must approach sufficiently near it to stand either as the first or some subsequent step in a direct movement towards the commission of the offense after the preparations are made. Whenever the design of a person to commit crime is clearly shown, slight acts done in furtherance of that design will constitute an attempt, *and the courts should not destroy the practical and common sense administration of the law with subtleties as to what constitutes preparation and what [is] an act done toward the commission of a crime.* It would be useless to attempt to lay down any rule by which an act might be characterized as overt or otherwise in a particular case; general principles must be applied in each case as nearly as can be,

---

1. Defendant's argument on the motion to dismiss is there was not substantial evidence to support the charge.

with a view to working out substantial justice. [emphasis supplied]

The fact that the defendant was intending to have sexual contact with the patient can clearly be inferred from his act of getting into bed with her while he was naked. There is substantial evidence in the record to support the trial court's finding.

■ Defendant next contends the trial court abused its discretion by ordering him confined for a period not to exceed two years. The defendant argues the trial court abused its discretion in not granting him a suspended sentence because the trial court only considered the nature of the offense including the need for deterrence and ignored all other factors. At sentencing the trial court gave the reasons for the sentence given, and the trial court's reasons demonstrate it considered the defendant's situation. The court properly considered the nature of the offense and the attendant circumstances. *See State v. Dvorsky,* 322 N.W.2d 62, 67 (Iowa 1982). It properly considered the protection of the community from further offenses by the defendant and others. *See State v. Hildebrand,* 280 N.W.2d 393, 396 (Iowa 1979). It also considered defendant's lack of prior criminal history, defendant's employment, and family circumstances. Iowa Code § 901.5 (1983).

There is support in the record for the sentence. The trial court did not abuse its discretion. *See State v. Gibb,* 303 N.W.2d 673, 687 (Iowa 1981).

AFFIRMED.