STATE of Iowa, Appellee,

v.

Dee Jay RADEKE, Appellant.

No. 88–84.

Supreme Court of Iowa.

Aug. 16, 1989.

Katie J. Wolfe, West Branch, for appellant.

Thomas J. Miller, Atty. Gen., Julie Ann Halligan, Asst. Atty. Gen., Lee W. Beine, County Atty., and Sterling L. Benz, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, CARTER, and SNELL, JJ.

SCHULTZ, Justice.

Dee Jay Radeke was charged with and convicted of the crime of assault with intent to commit sexual abuse in violation of Iowa Code section 709.11 (1987). At trial the jury found Radeke guilty as charged. The court of appeals affirmed, and we granted further review. We affirm.

In August 1987 defendant Dee Jay Radeke made an appointment with a female real estate agent to see a remote rural property. During this viewing of the house, defendant got behind the agent, put his hands over her mouth, grabbed her around the waist, and told her that if she did as he said, he would not hurt her. He then told her to unbutton her blouse. She complied and then pulled away from the defendant. Defendant then apologized and left when asked to leave. The victim locked the door and immediately called for help.

In his application for further review, defendant challenges (1) the sufficiency of the evidence to sustain his conviction, and (2) the denial of his motion for a new trial based on prejudicial prosecutorial misconduct. We find no error.

The fighting issue in this criminal appeal grows out of defendant's contention that the State did not present sufficient evidence of his intent to commit sexual abuse. When so challenged, the court must look at all the evidence presented in the light most favorable to the State to determine if any rational trier of fact could have found defendant intended to force the agent to have sex beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560, 573 (1979); *State v. Robinson*, 288 N.W.2d 337, 339–40 (Iowa 1980). If reasonable minds might draw different inferences from the facts, whether they are in dispute or contradicted, a jury question is engendered. Iowa R.App.P. 14(f)(17).

A necessary element of the charged crime is that the assault is done with intent to commit sexual abuse. *See* § 709.11. Under Iowa Code section 709.1 (1987), sexual abuse refers to a non-consensual "sex act" which, in turn, is defined in Iowa Code section 702.17 (1987), as involving sexual contact between the specified body parts of two persons. The human breast has no

part in the statutory definition of a sex act. *State v. Baldwin,* 291 N.W.2d 337, 340 (Iowa 1980). Defendant urges that the only evidence of intent to commit sexual abuse is the undisputed testimony that he requested that the victim unbutton her blouse for the purpose of exposing her breast. Relying on our holding in *Baldwin,* he urges this shows no intention to commit sexual abuse.

In *Baldwin* we recognized that the defendant's act of placing his hands on a little girl's breast in a public library was an assault and may have involved a sex oriented purpose. 291 N.W.2d at 340. We held, however, that this act alone was not sufficient to show that the defendant had solicited the girl to engage in a sex act as defined in section 702.17. *Id.* We indicated that the purpose of this conduct might well have been limited to fondling of the girl's breast. *Id.*

■ The standard to be applied by the jury to determine whether a defendant had the specific intent to commit sexual abuse was determined in *State v. Maynard,* 379 N.W.2d 382, 383 (Iowa App.1985).

The overt act must reach far enough towards the accomplishment, toward the desired result, to amount to the commencement of the consummation, not merely preparatory. It need not be the last proximate act to the consummation of the offense attempted to be perpetrated, but it must approach sufficiently near it to stand either as the first or some subsequent step in a direct movement towards the commission of the offense after the preparations are made.

*Id.* (quoting *State v. Roby,* 194 Iowa 1032, 1043, 188 N.W. 709, 714 (1922)).

■ In this case the facts reveal that defendant intended to engage in a sex act. Defendant made the following admission to the police: "I would have had sex with her at this point if she had agreed, but I did not intend to force her to have sex with me." While he did deny an intent to have forcible sex, a rational trier of fact could reject his explanation that he did not intend to force himself upon the agent.

Defendant had arranged to meet the agent at a remote rural area by giving the agent a false name and falsely stating he was interested in purchasing a home. He told the agent he wanted her, rather than the owner, to show the property to him. He provided false information regarding his employment and where he was living. Despite the fact that he was unemployed at the time, defendant falsely stated that his company would be paying the purchase price for the house to facilitate his transfer to that area. Although he was unmarried and had no children, he represented himself as being married with two children. Planned deception is inconsistent with claimed innocent purposes. The jury could infer that these false statements were made to prevent his apprehension after committing an illegal act.

Furthermore, defendant did not voluntarily release the real estate agent; she pulled away from him. He had already used force and threats to get the agent to unbutton her blouse. It was only after the agent told him that her office knew where she was and that the owner was on his way home that the defendant left.

The fact that Radeke ultimately left without committing sexual abuse is of limited relevance, since it is his intent at the time of the assault that is controlling. 1 R. Anderson, *Wharton's Criminal Law and Procedure* § 63, at 139 (1957). A jury could infer that her statements made him so fearful of discovery that he then chose to leave rather than to sexually assault her.

In *Maynard* the court of appeals was able to infer that the defendant was intending to have sexual contact with the victim from his act of getting into bed with her while he was naked. 379 N.W.2d at 384. Here, despite defendant's denial of intent, the jury could have reasonably inferred that the defendant intended to commit sexual abuse from his own words and actions. "[A defendant] will generally not admit later to having the intention which the crime requires ... his thoughts must be gathered from his words (if any) and actions in light of surrounding circumstances." W. La Fave & A. Scott, *Handbook on*

*Criminal Law* § 3.5(f), at 226 (2d ed. 1986). The evidence of deception, assault and defendant's desire to have sex are circumstances from which the jury could infer an intent to commit sexual abuse. It is therefore not crucial to our finding of intent to commit sexual abuse that the defendant asked the agent to unbutton her blouse. It is merely one additional piece of evidence to be viewed in light of all the surrounding circumstances that allowed the jury to find beyond a reasonable doubt that the defendant intended to sexually assault the agent.

Finally, defendant raises an additional point. He quotes *State v. Overstreet*, 243 N.W.2d 880, 884 (Iowa 1976), for the proposition that when circumstantial rather than direct evidence is relied upon to prove an essential element of the crime, that evidence must be wholly inconsistent with any rational hypothesis of innocence. However, *Overstreet's* circumstantial evidence adequacy test has been supplanted by a revised standard. "For purposes of proving guilt beyond a reasonable doubt, direct and circumstantial evidence are equally probative." *State v. O'Connell*, 275 N.W.2d 197, 205 (Iowa 1979); *accord State v. Howard*, 284 N.W.2d 201, 203 (Iowa 1979); *State v. Hillsman*, 281 N.W.2d 114, 115 (Iowa 1979); *see also* Iowa R.App.P. 14(f)(16).

The trial court and the court of appeals therefore correctly determined that there was sufficient evidence to generate a jury question on the issue of intent to commit sexual abuse. The court of appeals rejected two other claims made by the defendant on appeal. In his application for further review, defendant complains of one of those determinations. We briefly address this point.

Defendant maintains that the trial court erred in not granting a mistrial on the basis of prosecutorial misconduct. He urges that he objected to statements made by the prosecutor during closing arguments. These objections were sustained by the court.

There is, however, no record of defendant requesting a mistrial. An appel-late court must take the record on appeal as counsel made it. We can only consider matters that are in the record. *Allen v. Highway Equip. Co.*, 239 N.W.2d 135, 143 (Iowa 1976). A failure to request a mistrial for alleged misconduct by opposing counsel must be asserted before the issues are submitted to the jury. *State v. Dahlstrom*, 224 N.W.2d 443, 449 (Iowa 1974). In permitting the case to be submitted to the jury without asserting the denial of a fair trial by reason of the alleged misconduct, defendant's counsel indicates a willingness to take a chance on a favorable verdict and waives the claim of misconduct. *Id.* Since the record does not indicate that such a motion was made, defendant waived the right to object to any alleged misconduct.

In summary, we find no error.

DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.