# IN THE COURT OF APPEALS OF IOWA

No. 13-0562
Filed June 11, 2014


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHARLES LEE WEDDINGTON,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Des Moines County, John G. Linn,

Judge.


        The defendant challenges the sufficiency of the evidence to support his

conviction of willful injury cause a serious injury.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Katie A. Fiala, Assistant Attorney

General, Patrick C. Jackson, County Attorney, and Lisa Schaefer, Assistant

County Attorney, for appellee.



        Considered by Danilson, C.J., Potterfield, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**DANILSON, C.J.**

Charles Weddington challenges the sufficiency of the evidence to support his conviction of willful injury causing a serious injury, in violation of Iowa Code sections 708.4(1) and 708.8(8) (2011). Because the jury could reasonably determine that Weddington had the specific intent to cause serious injury, we affirm the conviction.

**I. Background Facts and Proceedings.**

On June 18, 2012, Weddington was charged with attempted murder, willful injury, and going armed with intent. The matter was tried to a jury on January 30, 2013.

At trial, Weddington admitted to striking Trent Ramsdell in the head with a metal torque wrench. He testified he had "just stopped thinking" and had "pretty much lost it" before hitting Ramsdell. A coworker testified the wrench in question weighed five or six pounds. A witness to the attack testified he witnessed Weddington calmly walk up behind Ramsdell while holding the wrench, he then "kind of double handed it over his shoulder into the back of [Ramsdell's] head." When asked to clarify, the witness stated, "It appeared to me at the time like it was a full over-the-shoulder swing down onto [Ramsdell], not like it was a—you know, a brushing tap or anything. It was a hard hit." Ramsdell testified that he suffered "a skull fracture, a hematoma, and some air pockets around the brain" as a result of the attack.

On February 1, 2013, the jury returned a verdict of assault with intent to inflict serious injury—a lesser-included offense of attempted murder, willful injury causing serious injury, and going armed with intent. The conviction for assault

with intent to inflict serious injury merged with the willful injury causing serious injury, so the court did not enter judgment on the former count.

On March 18, 2013, the court sentenced Weddington to an indeterminate term of incarceration not to exceed ten years for the willful-injury-causing-serious-injury conviction. He was also sentenced to an indeterminate term of incarceration not to exceed five years for going armed with intent. The court set the two terms of incarceration to run concurrently. Weddington appeals.

## II. Standard of Review.

We review challenges to the sufficiency of evidence for errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We review the evidence "in the light most favorable to the State, including all reasonable inferences that may be deduced from" it to determine whether the finding of guilt is supported by substantial evidence and should be upheld. *Id.* Evidence is substantial if it would convince a rational fact-finder of the defendant's guilt beyond a reasonable doubt. *Id.*

## III. Discussion.

Weddington's only claim on appeal is that the State failed to present sufficient evidence to support the specific intent element of his conviction for willful injury causing serious injury.[1] He claims the attack was "an emotional response to ongoing harassment by Ramsdell."

---

[1] The court instructed the jury:
> [T]he State must prove all of the following numbered elements of the crime of Willful Injury (Causing Serious Injury):
> 1. On or about the 10th day of June, 2012, the Defendant assaulted Trent Ramsdell by striking him in the head with a metal torque wrench.

Determination of intent or mens rea is frequently an element of criminal law, and our system often relies on juries to make this determination. *State v. Hennings*, 791 N.W.2d 828, 837 (Iowa 2010). "Because it is difficult to prove intent by direct evidence, proof of intent usually consists of circumstantial evidence and the inferences that can be drawn from that evidence." *Id.* "A [defendant] will generally not admit later to having the intention which the crime requires . . . his thoughts must be gathered from his words (if any) and actions in light of surrounding circumstances." *State v. Radeke*, 444 N.W.2d 476, 478–79 (Iowa 1989). The jury is free to credit certain evidence and reject other. *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006).

We conclude a rational jury could infer Weddington had a specific intent to seriously injury Ramsdell. Although Weddington testified he was not thinking at the time of the attack, he admitted he walked over from the area he was working to where Ramsdell stood and intentionally struck him in the back of the head with a metal torque wrench weighing five or six pounds. Furthermore, Weddington's claim the attack was an emotional response does not contradict the jury finding he intended to seriously injure Ramsdell. We affirm.

**AFFIRMED.**

---

2. The Defendant specifically intended to cause serious injury to Trent Ramsdell.
3. The Defendant's act caused Trent Ramsdell to sustain a serious injury.