# IN THE COURT OF APPEALS OF IOWA

No. 16-1754
Filed October 25, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RYAN LEE MARKLEY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Mary E. Chicchelly, Judge.

Ryan Markley appeals his convictions and sentences after pleading guilty to assault with intent to commit sexual abuse without injury and burglary in the second degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, Stephan J. Japuntich (until withdrawal), Assistant Appellate Defender, and Kent A. Simmons, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Ryan Markley appeals his convictions and sentences after pleading guilty to second-degree burglary and entering an *Alford* plea[1] to assault with intent to commit sex abuse without injury. Markley contends his trial counsel was ineffective in allowing him to plead guilty without a factual basis. He also contends the sentencing court abused its discretion in imposing indeterminate terms of incarceration not to exceed two years on the assault offense and ten years on the burglary offense, and in ordering the sentences be served consecutively.

### I. Ineffective Assistance of Counsel.

Markley contends his trial counsel was ineffective in allowing him to plead guilty without a factual basis for his pleas. We review these claims de novo. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). To prove ineffective assistance, Markley must demonstrate "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010) (quoting *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006)). Counsel fails to perform an essential duty if counsel allows the defendant to plead guilty when no factual basis for a charge exists. *See State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014). In such cases, prejudice is inherent. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). Therefore, we only need address the existence of a factual basis for the guilty pleas. *See Gines*, 844 N.W.2d 437, 441 (Iowa 2014); *Schminkey*, 597 N.W.2d at 788.

---

[1] An *Alford* plea allows a defendant to maintain innocence while acknowledging that the State has enough evidence to win a conviction. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

For a factual basis for the guilty plea to exist, the record as a whole must reveal facts that satisfy all elements of the offense. *See Ortiz*, 789 N.W.2d at 767-68. "[T]he record does not need to show the totality of the evidence necessary to support a guilty conviction, but need only demonstrate facts that support the offense." *Id.* at 768. In determining whether a factual basis exists, "we consider the entire record before the district court at the guilty plea hearing," which may include statements made by the defendant and the prosecutor, the minutes of evidence, and a presentence investigation (PSI) report (if one exists). *Schminkey*, 597 N.W.2d at 788; *accord State v. Finney*, 834 N.W.2d 46, 57 (Iowa 2013) (finding the minutes of evidence provided a factual basis for the defendant's guilty plea). The court must determine the existence of a factual basis even when the plea is under *Alford*. *See State v. Klawonn*, 609 N.W.2d 515, 521 (Iowa 2000).

### A. Factual basis for the assault charge.

Markley first claims a factual basis did not exist for the offense of assault with intent to commit sex abuse without injury. We are not persuaded. In reviewing the entire record before the district court, and without considering the suppressed evidence, we are satisfied there is a sufficient factual basis to support Markley's guilty plea to the assault offense. The minutes of evidence[2] state Markley's epithelial DNA was on the underwear the assaulted woman wore the night of the attack (collected in the victim's sexual assault kit). The record

---

[2] In his *Alford* plea, Markley states, "I generally agree with the Minutes of Testimony." He also agreed that "if the witnesses were presented to the jury and testified in conformity to their Minutes of Testimony, that there is a reasonable probability that the jury would find [him] guilty."

further shows her blood was found on Markley's jeans. Markley's wallet was found beneath the exterior window that was used to gain access to the woman while she slept, and Markley's fingerprints were on the window. A boot print also connected Markley to the scene of the assault. Markley immediately showered upon learning the police were coming to his apartment. The woman scratched her attacker during the assault, and there were fresh scratch marks on Markley's torso when the police arrived at his apartment.

The intent element of the offense is difficult to prove by direct evidence; however, intent may be established "by circumstantial evidence and by inferences reasonably to be drawn from the conduct of the defendant and from all the attendant circumstances in the light of human behavior and experience." *State v. Allnutt*, 156 N.W.2d 266, 271 (Iowa 1968), *overruled on other grounds by State v. Gorham*, 206 N.W.2d 908 (Iowa 1973). The specific intent to commit sexual abuse is present, not by a mere preparation for the act, but when the overt act so approaches accomplishment that it amounts to the beginning of the consummation. *See State v. Radeke*, 444 N.W.2d 476, 478 (Iowa 1989); *State v. Roby*, 188 N.W. 709, 714 (Iowa 1922). In reviewing the attendant circumstances and Markley's conduct, the record sufficiently establishes Markley's intent to commit sexual abuse. Therefore, a sufficient factual basis supports Markley's guilty plea to the offense of assault with intent to commit sex abuse without injury.

**B. Factual basis for the burglary charge.**

Marley next claims a factual basis did not exist for the second-degree-burglary charge. He argues the court's colloquy "addressed the way in which

[he] entered the residence and fail[ed] to address the property [he] intended to steal." A person commits burglary upon entering an occupied structure without having the right, license, or privilege to do so with "the intent to commit a felony, assault or theft therein." Iowa Code § 713.1 (2013).

During the plea colloquy, Markley agreed the minutes of evidence were factually correct with regard to the burglary charge. He admitted to breaking into a house that was not open to the public, to possessing no right, license, or privilege to enter the house, and to entering the house with the intent to commit a theft. "The defendant's admission on the record of the fact supporting an element of an offense is sufficient to provide a factual basis for that element." *State v Philo*, 697 N.W.2d 481, 486 (Iowa 2005). The statements Markley made to the court satisfy the elements of the offense of second-degree burglary. Therefore, a factual basis existed for the guilty plea.

Markley has failed to show his counsel was ineffective in allowing him to plead guilty without a factual basis. Accordingly, we affirm his convictions.

**II. Sentence.**

Markley also contends the sentencing court failed to state adequate reasons for the sentences imposed. The lack of "particular fact or circumstance specifically connected," Markley alleges, demonstrates the inadequacy of the court's reasons for consecutive sentences. We review his sentencing challenge for an abuse of discretion. *See State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015) (stating a challenge to a sentence that is within the statutory terms is reviewed for an abuse of discretion). An abuse of discretion occurs when the evidence

does not support the sentence. *See State v. Valin*, 724 N.W.2d 440, 445 (Iowa 2006).

Iowa Rules of Criminal Procedure 2.23(d) establishes, "The court shall state on the record its reasons for selecting the particular sentence." This applies to a district court's decision to impose consecutive sentences. *See State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). Our supreme court has reiterated the purpose of requiring the sentencing court to state its reasons for selecting a particular sentence on the record is to ensure "defendants are well aware of the consequences of their criminal actions" and, most importantly, to allow us "the opportunity to review the discretion of the sentencing court." *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) (quoting *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014)). A "terse and succinct" statement may suffice "when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Furthermore, "courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *Hill*, 878 N.W.2d at 275.

Markley claims the sentencing court failed to cite any reason for the sentences it imposed and for imposing consecutive sentences. In discussing the reasons for the sentence of imprisonment, the court stated it was considering the recommendations of the PSI report, the minutes of evidence, "the contents of [Markley]'s *Alford* plea to Count II, and his plea of guilty to Count III," Markley's age and "the relevant criminal record that I can consider," the nature of the offenses, and the record made at sentencing. The sentencing court concluded

that "the sentence imposed will offer [Markley] the maximum opportunity for rehabilitation as well as for protection of the community." With regard to imposing consecutive sentences, the court stated it was relying on "all of the reasons that I set forth with regard to the sentence," specifically mentioning the minutes of evidence, his prior record, and the nature of the offenses.

We find the sentencing court sufficiently stated its reasons for the sentence of imprisonment. Although the court relied on similar reasons for the imposition of consecutive sentences, it may do so. *See Hill*, 878 N.W.2d at 275. The court specifically identified the reasons for the sentences imposed. Accordingly, Markley has failed to show the sentencing court abused its discretion.

**AFFIRMED.**