# IN THE COURT OF APPEALS OF IOWA

No. 19-2039
Filed September 23, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**NEAL CYMONE JOHNSON,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Linn County, Paul D. Miller, Judge.

     Neal Johnson appeals following his conviction of burglary in the second degree.  **AFFIRMED.**

     Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

     Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

A jury found Neal Cymone Johnson guilty of burglary in the second degree, in violation of Iowa Code sections 713.1, 713.5 (2017). On appeal, Johnson asserts the State failed to present sufficient evidence at trial to prove he acted with the specific intent to commit sexual abuse.

### I.    Background Facts & Proceedings

During the late morning in December 2017, S.M. was in her apartment, located in Cedar Rapids. From the kitchen, she heard a knock at the door. On the other side of the door was her neighbor, Johnson. At the time, Johnson was living with his girlfriend, S.R., in an apartment on the same floor as S.M. S.M. was unfamiliar with Johnson except for their brief encounters around the apartment building.

S.M. cracked her door about a foot wide. Johnson was mumbling and not wearing any clothing from the waist down. Unable to understand Johnson, S.M. asked what he was doing. Johnson then began pushing on the door. S.M. attempted to stop him, putting her foot behind the door. As Johnson continued to push, he stated, "I'm going to—I want to eat your pussy." Johnson continued pushing and was able to make it a few feet into S.M.'s apartment. S.M. screamed for help and continued to resist Johnson. After approximately two minutes, Johnson turned and ran toward his girlfriend's apartment.

S.M. called the police to report what had happened. Officers Zach Jeffries and Tyler Drabenstot arrived a few minutes later. Officer Drabenstot spoke with S.M., and Officer Jeffries spoke to S.M.'s neighbor, Deborah Osborne. Both officers went to S.R.'s apartment to speak with Johnson. S.R. let them in. While

speaking with the officers, Johnson mentioned, "he knew he shouldn't have done it, it was an improper thing to do." Johnson was arrested and charged with burglary in the second degree. After a trial, a jury found him guilty.

## II. Discussion

At trial, Johnson moved for a motion for judgment of acquittal arguing the State had not provided sufficient evidence to prove that he acted with the specific intent to commit sexual abuse. The claimed error is preserved, and he renews it on appeal. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004).

We review sufficiency of the evidence claims for a correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). A jury verdict is binding upon this court and will be upheld unless it is not supported by substantial evidence. *Id.* Evidence is substantial if, when viewed in the light most favorable to the State, "it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* The jury is "free to reject certain evidence and credit other evidence." *Id.* (citation omitted). We consider all evidence in the record, including all reasonable inferences therefrom, not just the evidence supporting guilt. *Id.*

For the jury to find Johnson guilty of burglary in the second degree, the State had the burden of proving beyond a reasonable doubt the following elements:[1]

> 1. On or about December 2, 2017, the Defendant entered into [S.M.]'s apartment.
> 2. [S.M.]'s apartment was an occupied structure as defined in Instruction No. 19.
> 3. The Defendant did not have permission or authority to enter into [S.M.]'s apartment.

---

[1] When a jury is instructed without objection, the jury instructions become "the law of the case for the purposes of reviewing the sufficiency of the evidence." *State v. Banes*, 910 N.W.2d 634, 640 (Iowa Ct. App. 2018). Here, Johnson did not object to any instructions, so all of the jury instructions are the law of the case. *See id.*

4. [S.M.]'s apartment was not open to the public.

5. The Defendant did so with the specific intent to commit sexual abuse.

6. During the incident, [S.M.] was present in her apartment.

Johnson solely challenges the sufficiency of the evidence presented to prove the fifth element, that he acted with the specific intent to commit sexual abuse. The jury was instructed as to the meaning of specific intent as follows:

> "Specific intent" means not only being aware of doing an act and doing voluntarily, but in addition, doing it with a specific purpose in mind.
> Because determining the Defendant's specific intent requires you to decide what he was thinking when an act was done, it is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine the Defendant's specific intent. You may, but are not required to, conclude a person intends the natural results of his acts.

The jury was instructed as to the meaning of "sexual abuse" as follows: "'Sexual abuse' is defined as any sex act between persons is sexual abuse by either of the persons when the act is performed with the other person and the act is done by force or against the will of the other." The jury was instructed as to the meaning of "sex act" as follows:

> "Sex act" means any sexual contact:
> 1. By penetration of the penis into the vagina or anus.
> 2. Between the mouth of one person and the genitals of another.
> 3. Between the genitals of one person and the genitals or anus of another.
> 4. Between the finger or hand of one person and the genitals or anus of another person.

Johnson's statements and actions provide sufficient evidence for a jury to find that he entered S.M.'s apartment with the specific intent to engage in sexual abuse.

A defendant acts with the specific intent to commit sexual abuse if

> [t]he overt act . . . reach[es] far enough towards the accomplishment, toward the desired result, to amount to the commencement of the consummation, not merely preparatory. It need not be the last proximate act to the consummation of the offense attempted to be perpetrated, but it must approach sufficiently near it to stand either as the first or some subsequent step in a direct movement towards the commission of the offense after the preparations are made.

*State v. Kelso-Christy*, 911 N.W.2d 663, 668 (Iowa 2018) (alterations and omission in original) (quoting *State v. Radeke*, 444 N.W.2d 476, 478 (Iowa 1989)).

As the jury was so instructed, intent may be inferred from the defendant's "words . . . and actions in light of surrounding circumstances." *Radeke*, 444 N.W.2d at 478 (quoting W. La Fave & A. Scott, *Handbook on Criminal Law* § 3.5(f), at 226 (2d ed. 1986)). Sufficient evidence to prove the specific intent to commit sexual abuse includes "sexual comment, touching in a sexual manner, attempt to remove clothing, or an act in any other way which would indicate a plan to engage in sexual activity." *State v. Most*, 578 N.W.2d 250, 254 (Iowa Ct. App. 1998) (citing *State v. Casady*, 491 N.W.2d 782, 787 (Iowa 1992)); *see also State v. Jandreau*, No. 13-0031, WL 667690, at *3 (Iowa Ct. App. Feb. 19, 2014) (finding sufficient evidence for the specific intent to commit sexual abuse where when police found defendant and victim the defendant had his pants off).

S.M. testified that Johnson was not wearing any clothing below the waist when he came to her door.[2] Johnson pushed on the door while S.M. resisted.

---

[2] Other evidence presented at trial showed Johnson was nude below the waist. Although she did not report seeing Johnson to responding Officer Jeffries on the day in question, Osborne testified at trial that after she heard S.M.'s screams, she looked out of her apartment and saw Johnson without any pants. Additionally, Officer Jeffries testified that he overheard S.M. telling Officer Drabenstot that Johnson had not been wearing pants when he came to her door.

While pushing his way into her apartment, S.M. testified that Johnson stated, "I'm going to—I want to eat your pussy." S.M. screamed for help, and Johnson relinquished. When police later met with Johnson, Officer Jeffries testified that Johnson mentioned, "he knew he shouldn't have done it, it was an improper thing to do."

Viewing the evidence in the light most favorable to the State, we find the record contains sufficient evidence for a rational jury to find Johnson had the specific intent to commit sexual abuse when he entered S.M.'s apartment.

### III. Conclusion

As we find the State provided sufficient evidence to support the jury's finding that Johnson acted with the requisite specific intent to commit sexual abuse, we uphold his conviction of second-degree burglary.

**AFFIRMED.**