# IN THE COURT OF APPEALS OF IOWA

No. 21-1613
Filed September 21, 2022

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**DENNIS LEE LAWSON,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Monona County, Patrick H. Tott, Judge.

 A defendant appeals the denial of his motions for mistrial and a new trial.

**AFFIRMED.**

 Priscilla E. Forsyth, Sioux City, for appellant.

 Thomas J. Miller, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee.

 Considered by Bower, C.J., Greer, J., and Doyle, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**GREER, Judge.**

Dennis Lawson was charged with second-degree robbery. At trial, he objected to questions the State asked during voir dire, questions asked of witnesses about exhibits not admitted into evidence, and statements made during the State's rebuttal to Lawson's closing argument. After the case was submitted to the jury and it began deliberations, Lawson moved for a mistrial based on prosecutorial misconduct, citing statements from the State's closing. The district court took the matter under advisement, but it did not issue a ruling until after the jury found Lawson guilty. After the verdict came back—but before the district court ruled on the motion for mistrial—Lawson raised prosecutorial misconduct in voir dire, case in chief, and closing statements in a written motion for a new trial.[1] The district court denied the motion for mistrial, noting that prosecutorial misconduct occurred but finding it was not sufficiently prejudicial to warrant a mistrial. The district court also denied the motion for a new trial for the same reason. Lawson appeals, arguing the district court abused its discretion in denying his motion for mistrial and motion for a new trial.

"[A] mistrial motion must be made when the grounds therefor first become apparent." *State v. Waters*, 515 N.W.2d 562, 567 (Iowa Ct. App. 1994). "In permitting the case to be submitted to the jury without asserting the denial of a fair trial by reason of the alleged misconduct, defendant's counsel indicates a willingness to take a chance on a favorable verdict and waives the claim of misconduct." *State v. Radeke*, 444 N.W.2d 476, 479 (Iowa 1989); *see also Kinseth*

---

[1] There were also a number of other post-trial motions in this case that are not at issue in this appeal.

*v. Weil-McLain*, 913 N.W.2d 55, 68 (Iowa 2018) ("We require counsel to move for a mistrial before the case is submitted to the jury to ensure that the court has ample opportunity to 'admonish counsel or instruct the jury' before deliberations begin." (citation omitted)). In this case, Lawson did not request a mistrial until after the jurors began deliberating, making the motion untimely.

Lawson's motion for a new trial faces the same timing issue. While he objected to questions during voir dire and the case in chief, he did not assert prosecutorial misconduct or seek a mistrial at the time. *State v. Krogmann*, 804 N.W.2d 518, 526 (Iowa 2011) ("[The defendant] objected only that the question was argumentative . . . . [The defendant] cannot obtain a new trial based on prosecutorial misconduct when he failed to move for a mistrial at the time."); *see also Radeke*, 444 N.W.2d at 479 ("A failure to request a mistrial for alleged misconduct by opposing counsel must be asserted before the issues are submitted to the jury."). A motion for a new trial, then, could not revive the claims. *See State v. Droste*, 232 N.W.2d 483, 488 (Iowa 1975) ("The grounds of a motion for new trial must stand or fall on exceptions taken at trial and a party cannot in a post-verdict motion amplify or add new grounds as a basis for relief."). By the time Lawson raised issues of prosecutorial misconduct involving the voir dire and case-in-chief in a post-trial motion for a new trial, they had already been extinguished.

Because Lawson's arguments surrounding prosecutorial misconduct were waived, we decline to address them.

**AFFIRMED.**