# IN THE COURT OF APPEALS OF IOWA

No. 23-1254
Filed February 19, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**VANCE FREDERICK BARTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Fae Hoover Grinde,

Judge.


        Vance Barton appeals from his drug convictions claiming prosecutorial

misconduct during closing arguments.  **AFFIRMED.**


        William (Bill) Monroe, Burlington, for appellant.

        Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant

Attorney General, for appellee.


        Considered by Greer, P.J., Langholz, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2025).

**DOYLE, Senior Judge.**

Vance Barton appeals from various drug convictions. On appeal, Barton argues the State committed prosecutorial misconduct during closing arguments "by repeatedly stating a false narrative." Finding no prejudicial prosecutorial misconduct, we affirm.

On a cold January evening, Cedar Rapids police officers Liddle and Green were on patrol. Liddle testified, "we were patrolling an area that we had been informed involved some narcotics activity in the area of C Avenue and 42nd Street Northeast." As they drove by a residence, they observed a male (later identified as Barton) standing in a driveway. Green testified Barton was wearing a backpack and hooded jacket. As they drove by, Barton covered his face and "bladed"[1] his body from the patrol car. The officers drove around the block and parked at a place where they could "have a visual" of Barton. A small pickup truck arrived and pulled into the driveway where Barton was standing. He got in the truck. Another male came out of a residence and talked to the occupants of the truck and then went back to his residence. The truck then left. The officers followed. When they determined the truck's plates were expired, they initiated a traffic stop. Barton was in the front passenger seat with a backpack on the floor between his legs. The driver was female as was the backseat passenger. Barton refused to identify himself. Liddle went back to the patrol car to check the driver's information. A K-9 drug team was called. The drug dog did a sniff of the truck and indicated for the presence of narcotics. The truck and backpack were searched. The backpack

---

[1] Officer Green explained that blading is when one turns their body from your direction.

contained cannabis flour, pipes, Ziplock bags of methamphetamine, a bag of marijuana, a drug kit, and male clothing. During the stop and search, Barton claimed the backpack was not his. He finally identified himself shortly before being arrested.

After being charged with various drug crimes, Barton was tried to a jury. He was found guilty of a drug stamp violation, possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia. Barton filed a motion for new trial arguing that, "During the State's closing argument, the State referred to the area of the stop and subsequent search being a known drug area, or something similar." He noted he had objected and "the Court ruled that the statement by the State could be considered by the jury because it was not evidence." Barton argued, while not evidence, the statement was a material misrepresentation of the facts and had the practical result of misleading and confusing the jury. The State resisted and the court denied the motion. After the judgment and sentence was entered, Barton appealed.

Here's what happened at trial. In her closing argument, the prosecutor stated:

> So the evidence proves—let's talk about the facts—that back on January 12th, 2023, which Officer Liddle told us was a brutally cold and windy day, the Defendant was standing in the driveway of a home in an area of town that they watch because of high drug trafficking.

Barton made no objection. In her rebuttal argument, the prosecutor stated, "What the defense is presenting is not reasonable. It's ridiculous, just like this case. The Defendant is standing in a high narcotic trafficking area." Barton objected:

"Objection. That assumes facts not in evidence." The prosecutor responded that it was in evidence. The court did not rule on the objection but admonished the jury:

> Ladies and gentlemen of the jury, what is important is what you recall from the evidence that was submitted, the testimony that you heard from the officers. So rely on your recollection of the testimony as it came in.
> You may proceed.

The prosecutor then went on, "We are where we are in this case, in a high narcotics trafficking area. The Defendant is wearing a backpack. The drugs were later found in a backpack." Defendant made no objection.

In his motion for new trial and motion in arrest of judgment, Barton does not mention prosecutorial misconduct but argues the prosecutor's reference "to the area of the stop and subsequent search being a known drug area, or something similar," while not evidence, was "a material misrepresentation of the facts and had the practical result of misleading and confusing the jury." At the hearing on the motion, Barton argued that neither of the police officers actually made statements to the effect that the officers were investigating in a "known drug area." He acknowledged one of the officers did allude to there being some drug activity but argued the prosecutor's statement to the jury "not only directly misquoted one of the officers, but fluffed pretty substantially the second officer's actual testimony." He argued the prosecutor's statements were misleading. The court overruled and denied the motion at the hearing. The court entered its judgment and sentence.

On appeal, Barton argues the State committed prosecutorial misconduct "by repeatedly stating a false narrative that Vance Barton was first sighted by police officers in a high narcotics or drug trafficking area" when the only testimony on this point was that an officer had been told of some drug activity. The State

responds that Barton failed to preserve error because he failed to move for a mistrial, citing *State v. Krogmann*, 804 N.W.2d 518, 526 (Iowa 2011) ("Krogmann cannot obtain a new trial based on prosecutorial misconduct when he failed to move for a mistrial at the time."), *State v. Radeke*, 444 N.W.2d 476, 479 (Iowa 1989) ("In permitting the case to be submitted to the jury without asserting the denial of a fair trial by reason of the alleged misconduct, defendant's counsel indicates a willingness to take a chance on a favorable verdict and waives the claim of misconduct."), and *State v. Farnsworth*, No. 13-0401, 2014 WL 2884732, at *3 (Iowa Ct. App. June 25, 2014) ("Farnsworth cannot obtain a new trial asserting prosecutorial misconduct when he failed to move for a mistrial at the time the alleged prosecutorial misconduct occurred. By not objecting or otherwise alleging prosecutorial misconduct at the time of trial, Farnsworth failed to preserve error." (citation omitted)).

We acknowledge the State's error-preservation concerns. But here, even if we characterize Barton's objection at trial to be an objection to prosecutorial misconduct, the court did not quite overrule or sustain the objection but instead admonished the jury to recall the testimony as it came in. This is problematic in the context of a prosecutorial-misconduct claim, given the distinction between sustained and overruled objections: if the objection is sustained error is only preserved if the defendant moves for a mistrial, but if the objection is overruled, defendant need not move for a mistrial. *See State v. Neiderbach*, 837 N.W.2d 180, 209 (Iowa 2013); *State v. Brammer*, No. 24-0127, 2025 WL 52854, at *3 (Iowa Ct. App. Jan. 9, 2025).

Barton skates on very thin ice regarding the error-preservation issue. Nevertheless, it is within our prerogative to bypass serious preservation-of-error problems and affirm on the merits. *State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999). In the interests of judicial economy, a ruling on the merits may stave off a post-conviction relief action on the issue. So we exercise that prerogative here.

Before us, Barton only alleges prosecutorial misconduct—not prosecutorial error. As defined by our supreme court, "prosecutorial misconduct involves either the prosecutor's reckless disregard of a duty to comply with the applicable legal standard or obligation, or a prosecutor's intentional statements in violation of an obvious obligation, standard, or applicable rule." *State v. Coleman*, 907 N.W.2d 124, 139 (Iowa 2018). Prosecutorial misconduct includes but is not limited to "questioning witnesses about others' deceit, distorting testimony, making unsupported statements during closing argument . . . [and] making other inflammatory or prejudicial statements about the defendant." *Id.* (second alteration in original) (citation omitted). Misconduct requires more than "human error or the exercise of poor judgment." *Id.* But it does not necessarily require bad faith. *Id.* Finally, prosecutors are allowed latitude during closing arguments in making inferences and conclusions based on evidence. *State v. Graves*, 668 N.W.2d 860, 874 (Iowa 2003).

We review rulings on alleged prosecutorial misconduct for an abuse of discretion. *Coleman*, 907 N.W.2d at 134. To warrant relief, a criminal defendant must establish both misconduct (whether reckless or intentional) and that the misconduct was so prejudicial it deprived the defendant of his or her right to a fair trial. *Id.* at 138. In assessing the prejudice prong, we consider five factors:

(1) The severity and pervasiveness of misconduct;
(2) [T]he significance of the misconduct to the central issues in the case;
(3) [T]he strength of the State's evidence;
(4) [T]he use of cautionary instructions or other curative measures; [and]
(5) [T]he extent to which the defense invited the misconduct.

*Id.* at 140 (citation omitted) (formatted for readability).  The ultimate inquiry is whether "the misconduct resulted in prejudice to such an extent that the defendant was denied a fair trial."  *Graves*, 668 N.W.2d at 869.

Even if we could deem as misconduct the prosecutor's characterization of the area where Barton was first observed as a "high" narcotic trafficking area, as opposed to the officer's testimony there was "some" narcotic activity in the area, we fail to see the significance of the characterization to the central issue in the case—whether Barton possessed the backpack containing the drugs.  Barton's actions may have seemed suspicious to the officers when first observed, but the truck he was riding in was not stopped until it was determined its plates were expired, thus justifying the traffic stop.  The truck and its contents were not searched until after the drug dog alerted on it.

When the prosecutor mentioned "high narcotic trafficking area" during her rebuttal argument, after objection the jury was admonished by the court that "what is important is what you recall from the evidence that was submitted, the testimony you heard from the officers."  Furthermore, the jury was instructed to base its "verdict only upon the evidence and these instructions," which expressly does not include "[s]tatements, arguments, questions[,] and comments by the lawyers."  The complained-of statements fell within this exclusion; any prejudicial effect was therefore mitigated.  *See, e.g.*, *State v. Plain*, 898 N.W.2d 801, 821 (Iowa 2017) (observing a complained-of statement "was limited to closing arguments and the

district court instructed jurors that '[the] summations and closing arguments of counsel are not evidence,' thus mitigating the term's prejudicial effect" (alteration in original)); *State v. Brown*, No. 07-1479, 2008 WL 5235495, at *3 (Iowa Ct. App. Dec. 17, 2008) (finding no *Graves* prejudice where "[t]he conduct was neither severe nor pervasive" and "[t]he court instructed the jury that 'statements, arguments, questions, and comments by the lawyers' were not evidence and were not for the jury's consideration or to be used as a basis for the verdict"). Courts presume juries follow the court's instructions. *State v. Hanes*, 790 N.W.2d 545, 552 (Iowa 2010).

Barton cannot show *Graves* prejudice. So, we affirm the district court.

**AFFIRMED.**