# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1863
Filed April 1, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Shawn Edward Boger,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Kossuth County,
The Honorable Carl J. Petersen, Judge.

———————————

**AFFIRMED**

———————————

William Monroe, Burlington, attorney for appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., Schumacher, J., and Vogel, S.J.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

Shawn Boger appeals the sufficiency of the evidence supporting his third-degree burglary conviction. On our review, we find sufficient evidence to support the conviction and affirm.

## I. Background Facts and Proceedings.

Late in the evening on August 10, 2023, someone broke into the Gold Eagle Cooperative in Titonka. The following morning, employees arrived to find the offices in disarray. Someone had forced entry into two different buildings on the property, using a green tool to pry open the doors, which left behind green paint transfer. Once inside, someone had rummaged through drawers and cabinets, scattering their contents on the floor. Gold Eagle did not keep cash on site, and nothing had been taken.

Gold Eagle reported the break-in to police and pulled the surveillance footage. The footage showed a white pickup truck driving onto the property around 11:30 p.m. Shortly after that, the footage captured two people walking toward one of the buildings on the property. One person wore a black hoodie, a face covering, and black pants with a white stripe on the side from the knee to the ankle. The other person wore a black-and-gray hoodie with a large logo on the front, a face covering, gloves, jeans, and boots. This person was carrying a long pry bar.

Law enforcement noted that the truck had several identifying features, such as chrome running boards, rims, and mirrors; a green or yellow tow strap; a sticker on the bottom left portion of the rear window; and damage to the rear bumper. Officers began looking for a truck matching that description. Eventually, an investigator located a white Chevrolet Silverado with all the same identifying features parked outside a home in Mason City.

Both the home and the truck belonged to Andrea Arne. Arne was dating and living with Boger.

In early September, law enforcement executed a search warrant on Arne's home. During the search, officers found a black-and-gray hoodie with a large Harley-Davidson logo on the front. Officers determined that another man, Jeremy Soesbe, also lived in the home. In Soesbe's bedroom, officers found a pry bar, a pair of black pants with a white stripe on the side from the knee to the ankle, and gloves.

The day after the search, a neighbor came forward with two green pry bars he had found near the property line between his and Arne's properties in mid-August. When police collected the pry bars, they noted that some of the green paint had been scraped off.

Boger and Soesbe were both charged with third-degree burglary. Soesbe pled guilty. But, Boger pled not guilty and proceeded to a jury trial which began on October 8, 2024.

By the time of trial, Arne and Boger had gotten married.[1] Arne testified that she owned the truck and allowed Boger and Soesbe to drive it, with Boger using the truck most of the time. Arne testified that the black pants with the white stripe were Soesbe's. She could not recall whether the black-and-gray sweatshirt was Boger's, but she testified that Boger owned a lot of clothing and a motorcycle from Harley-Davidson.

Boger testified in his own defense, admitting that he had committed "multiple burglaries" and thefts in the past. He insisted he had always pled

---

[1] Arne took Boger's last name after the marriage, but we refer to her as Arne in this opinion to avoid confusion.

guilty in the past but did not do so in this case because he was not involved. To explain how Arne's truck was at the site, Boger claimed that on the night of the burglary he let Soesbe use the truck. Further, Boger confirmed that Arne's truck was the truck in the Gold Eagle surveillance footage. He also identified Soesbe as the individual in the black pants with the white stripe. While he did not identify the other individual, he said he knew the person but was not going to disclose the name. Boger testified he was at a casino on the night of the burglary.

Soesbe was called to testify as a rebuttal witness. Soesbe testified that he pled guilty to the burglary because he was, in fact, guilty. He identified himself as the person in the black hoodie and black pants with white stripe, and Boger as the person with the long pry bar, black-and-gray hoodie, and jeans. In detail, Soesbe testified that Boger had instructed him on how to wedge a smaller pry bar into the door so Boger could use the bigger pry bar to pop the door open. Finally, Soesbe confirmed that they broke into two buildings at Gold Eagle but did not take anything.

The jury convicted Boger of third-degree burglary in violation of Iowa Code section 713.6A(1) (2023). Boger appeals.

## II. Standard of Review.

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Dalton*, 674 N.W.2d 111, 116 (Iowa 2004). "In conducting that review, we are highly deferential to the jury's verdict." *State v. Brown*, ____ N.W.3d ____, ____, 2026 WL 545942, at *3 (Iowa 2026) (citation omitted). "The jury's verdict binds this court if the verdict is supported by substantial evidence." *Id.* (citation omitted).

4

**III. Analysis.**

On appeal, Boger argues that his burglary conviction must be reversed because there is insufficient evidence of his specific intent to commit a theft. In Boger's view, considering the evidence presented by Soesbe, at the most, he "was merely showing [Soesbe] how to break into a building," and the State should have asked Soesbe if they intended to steal anything as Soesbe said "[n]othing was taken." We disagree with the assertion that the evidence was insufficient.

"Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted). "We view the evidence in the light most favorable to the State including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.* (cleaned up).

"Where, as here, the jury was instructed without objection, the jury instruction becomes law of the case for the purposes of reviewing the sufficiency of the evidence." *State v. Banes*, 910 N.W.2d 634, 639 (Iowa Ct. App. 2018). To convict Boger of third-degree burglary, the jury was required to find:

> 1. On or about the 10th day of August 2023, [Boger] broke into or entered the Gold Eagle Cooperative, Titonka, Iowa.
>
> 2. The Gold Eagle Cooperative, Titonka, Iowa, was an occupied structure as defined in Instruction No. 19.
>
> 3. [Boger] did not have permission or authority to break into or enter Gold Eagle Cooperative, Titonka, Iowa.
>
> 4. [Boger] did so with the specific intent to commit a theft.

Boger challenges only the final element: specific intent to commit a theft. The jury was instructed on specific intent as follows:

> "Specific intent" means not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind.
>
> Because determining the defendant's specific intent requires you to decide what he was thinking when an act was done, it is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine the defendant's specific intent. You may, but are not required to, conclude a person intends the natural results of his acts.

"[S]pecific intent is seldom capable of direct proof and is often shown by circumstantial evidence and the reasonable inferences drawn from that evidence." *State v. Manning*, 26 N.W.3d 385, 394 (Iowa 2025) (cleaned up). "[A defendant] will generally not admit later to having the intention which the crime requires . . . his thoughts must be gathered from his words (if any) and actions in light of surrounding circumstances." *State v. Radeke*, 444 N.W.2d 476, 478–79 (Iowa 1989) (alteration in original) (citation omitted).

Even without a direct admission of a theft, there is substantial evidence of Boger's specific intent to commit a theft in this case. Soesbe testified he was guilty of third-degree burglary, which included a specific intent to commit a theft, and that he was with Boger at the time. Boger and Soesbe arrived at Gold Eagle well after the business had closed for the night wearing face coverings and gloves. Boger was carrying a pry bar. He and Soesbe forced entry into two buildings. Once inside, they rummaged through drawers and cabinets. The fact that they did not ultimately locate anything to steal does not negate their intent upon breaking into the buildings. All this evidence, viewed in the light most favorable to the State, is sufficient to convince a rational trier of fact that Boger had the specific intent to commit

a theft at Gold Eagle and that he was therefore guilty of third-degree burglary beyond a reasonable doubt.

## IV. Conclusion.

Because there was sufficient evidence to support Boger's third-degree burglary conviction, we affirm.

**AFFIRMED.**