# IN THE COURT OF APPEALS OF IOWA

———————

No. 25-0465
Filed April 29, 2026

———————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Joshua James Ramage,**
Defendant–Appellant.

———————

Appeal from the Iowa District Court for Decatur County,
The Honorable Dustria A. Relph, Judge.

———————

**AFFIRMED**

———————

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney
General, attorneys for appellee.

———————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Joshua Ramage appeals his convictions for three counts of sexual abuse in the third degree. On appeal, he argues the district court erred when it refused to grant a mistrial after the prosecutor commented on Ramage's invocation of his right to remain silent. Upon our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

Ramage moved to Iowa in 2014 with his wife, son, and two stepchildren. Within days of moving to Iowa, Ramage sexually abused his stepdaughter for the first time. And from there, it continued regularly. The stepdaughter told the jury, "He molested me inside the house, in my room, in his room, sometimes in the living room." When asked to describe these acts, she testified, "He would put his hand in my pants and touch my private parts. He would put his penis inside me." During this time, she was twelve to thirteen years old.

Soon the abuse took a different turn. Ramage would order his two stepchildren to touch each other. If the children refused to touch each other, he would strike them with a belt. The stepdaughter testified that she was forced to engage in sex acts with Ramage or her brother every day. The abuse continued through the early months of 2016.

It was in early 2016 that Ramage's fourteen-year-old stepdaughter discovered she was pregnant after she was feeling sick and nauseous regularly. When confronted with the pregnancy, Ramage told his stepdaughter "I didn't come inside you, so I don't know how." When the child was to be born, Ramage took his stepdaughter multiple hours away to have the child delivered by midwives.

Law enforcement eventually became involved after learning of rumors that Ramage's stepdaughter had a baby, and they interviewed her at school. She initially denied any sexual abuse, fearing Ramage would beat her with a belt. After law enforcement returned with the victim's mother, she admitted that she had recently given birth and disclosed the sexual abuse. A later DNA test revealed that Ramage was the father of the child.

In July 2016, the State initially charged Ramage by trial information with two counts of third-degree sexual abuse in violation of Iowa Code section 709.4(1)(a) and (1)(b)(3)(a) and (d) (2016). But Ramage fled the state of Iowa shortly after being charged. He remained away until he was arrested in California in June 2024. Ramage returned to Iowa in July 2024.

The State then filed an amended trial information consolidating an additional count of third-degree sexual abuse that was charged in a companion case with the same victim. The matter proceeded to a two-day jury trial in December 2024. During the State's rebuttal closing argument, the prosecutor stated in part:

> I guess, first thing I'll say, ladies and gentlemen, this is real life. This isn't CSI Miami or CSI New York, as far as collection of any DNA evidence, and I don't want you to be misled by that. If there's going to be a complaint made about the investigation, you know, the length, let's look at what you do in an investigation. You talk to the parties. And both [the principal] and then-Police Chief Bell talked to [the victim] and her mother multiple times that same day. They also as chief—former Chief Bell told you, they gave the defendant an opportunity to tell them, you know, what happened. And what did he do? Didn't want to say anything about it. Didn't want to say anything about it.
>
> Why do you take off, flee from justice if you're innocent, you haven't done anything? I want you to ask yourselves that. I think those two things are key.

After the case was submitted to the jury, Ramage's attorney objected to the prosecutor's comments on Ramage's refusal to speak to law enforcement and moved for a mistrial. The district court noted the objection was untimely and denied the motion for a mistrial, but it submitted a supplemental jury instruction to the jury "out of an abundance of caution." The instruction read:

> During closing arguments Counsel for the State commented that the defendant chose to invoke his right to remain silent during the investigation. All individuals have a right to remain silent and not respond to investigatory questioning. No inference of guilt shall be drawn from the defendant's decision to remain silent during questioning.

After completing their deliberations, the jury convicted Ramage as charged. At sentencing, the district court imposed consecutive ten-year prison terms on each of the three sexual abuse counts for a total term of incarceration not to exceed thirty years. Ramage appeals.

## STANDARD OF REVIEW

"Trial courts have broad discretion in ruling on claims of prosecutorial misconduct and we review such rulings for an abuse of discretion." *State v. Plain*, 898 N.W.2d 801, 810–11 (Iowa 2017). "We review denials of a mistrial and the giving of a cautionary instruction for an abuse of discretion." *Id.* at 811. But we review constitutional claims de novo. *State v. Christensen*, 929 N.W.2d 646, 676 (Iowa 2019).

## DISCUSSION

Ramage argues the district court failed to grant a mistrial after the prosecutor commented on his post-*Miranda*[1]-warning silence. The State

[1] *Miranda v. Arizona*, 384 U.S. 436, 468 (1966).

4

contests error preservation because Ramage's objection came after the case was submitted to the jury, so we begin our discussion there.

The State argues that error is unpreserved. The State's position is that any objection that the prosecutor's rebuttal closing argument violated Ramage's invocation of the right to remain silent should have come during the argument. Alternatively, the objection should have come before the case was submitted to the jury. And because the mistrial motion here came both after the closing argument and after the case was submitted to the jury, error is not preserved. Ramage argues in his initial brief that he "preserved error by objecting to the prosecutor's improper closing argument and obtaining a ruling from the court." And Ramage does not respond to the State's error preservation argument in his reply brief.

After reviewing the record, we agree with the State and find that Ramage failed to preserve error on this issue because he did not timely move for mistrial before the case was submitted to the jury. *See State v. Romeo*, 542 N.W.2d 543, 552 n.5 (Iowa 1996) ("[O]bjections to remarks of counsel during final [jury] argument are timely if urged at close of argument and in a motion for mistrial made before submission to the jury." (quoting *State v. Nelson*, 234 N.W.2d 368, 371 (Iowa 1975))); *State v. Radeke*, 444 N.W.2d 476, 479 (Iowa 1989) (finding error was not preserved because a "request [for] a mistrial for alleged misconduct by opposing counsel must be asserted before the issues are submitted to the jury"); *see also State v. Jirak*, 491 N.W.2d 794, 796–97 (Iowa Ct. App. 1992) (explaining that "a mistrial motion must be made when the grounds therefor first become apparent."). Even though the district court ultimately gave the jury a curative instruction, it noted "I think that should have been an objection made contemporaneously." We agree. And because no contemporaneous objection was made, we find Ramage

5

"waived the right to appeal the trial court's ruling on his motion for mistrial by failing to raise the motion in a timely manner." *See Jirak*, 491 N.W.2d at 797.[2]

## CONCLUSION

Because we find error was not preserved on Ramage's claims, we affirm Ramage's convictions.

**AFFIRMED.**

---

[2] But even if error was preserved in this case, we would find no abuse of discretion because the district court's curative instruction prevented any prejudice to Ramage. *See State v. Veal*, 564 N.W.2d 797, 809–10 (Iowa 1997) (concluding district court's instruction to disregard officer's testimony stating the defendant "asked to contact her attorney" was "sufficient to prevent prejudice" to the defendant).